BLANK ROME LLP
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Caroline P. Donelan (SBN 268762)
caroline.donelan@blankrome.com
Craig N. Haring (SBN 314100)
craig.haring@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:   424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants
STANLEY C. MIDDLEMAN, MICHAEL B. MIDDLEMAN, GREGORY E. MIDDLEMAN, ERIK L. ANDERSON; FREEDOM MORTGAGE CORPORATION; XPANSE, LLC; ARCHWELL HOLDINGS, LLC; ARCHWELL SOLUTIONS LLC; ARCHWELL MANAGEMENT LLC; KEYSTONE B2B LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| RAHUL MEWAWALLA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STANLEY C. MIDDLEMAN, an individual; MICHAEL B. MIDDLEMAN, an individual; GREGORY E. MIDDLEMAN, an individual; ERIK L. ANDERSON, an individual; FREEDOM MORTGAGE CORPORATION; a New Jersey corporation; XPANSE, LLC, a Delaware limited liability company; ARCHWELL HOLDINGS LLC, a Florida limited liability company; ARCHWELL SOLUTIONS LLC, a Florida limited liability company; ARCHWELL MANAGEMENT LLC, a Florida limited liability company; KEYSTONE B2B LLC, a Florida limited liability company; and DOES 1-50, inclusive<br><br>Defendants. | Case No. 5:21-cv-9700<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>Complaint Filed:   September 3, 2021<br>Trial Date:   None Set |

103718.00232/127117603v.5

**DEFENDANTS' NOTICE OF REMOVAL**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, Defendants Stanley C. Middleman; Michael B. Middleman; Gregory E. Middleman; Erik L. Anderson; Freedom Mortgage Corporation; Xpanse, LLC; Archwell Holdings LLC; Archwell Solutions LLC; Archwell Management LLC; and Keystone B2B LLC (collectively, "Defendants") hereby remove the subject action from the Santa Clara County Superior Court of California (the "State Court"), where it is currently pending as Case No. 21CV388444 (the "State Court Action"), to the United States District Court for the Northern District of California, San Jose Division, on the following grounds:

1. On or about September 3, 2021, Plaintiff Rahul Mewawalla ("Plaintiff") initiated this action by filing a Complaint against Defendants in the State Court.

2. On November 16, 2021, Defendants were served a copy of the Complaint and Summons through execution of a Notice and Acknowledgement of Receipt form by their attorney Arash Beral.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defendants are attached hereto as **Exhibit A**. No other process, pleadings, or orders have been served on Defendants.

4. The filing of this Notice of Removal is timely, as it has been filed within thirty (30) days after service of the Summons and Complaint on the Defendants, as set forth in 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6.

5. Defendants will serve written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), and will file a Notice of Removal with the Clerk of the Santa Clara County Superior Court of California, as further required by the statute.

**Removal Based on Diversity of Citizenship Jurisdiction**

6. This Court has original jurisdiction over the subject action pursuant to 28 U.S.C. § 1332(a)(1) and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, and

as explained more fully below, this action involves citizens of different states and complete diversity. As also explained in further detail below, the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7. As alleged in Plaintiff's Complaint, Plaintiff is a resident and citizen of the State of Washington.

8. Defendant Stanley C. Middleman is, and was at the time this lawsuit was filed, an individual residing and a citizen of the State of Florida. Stanley Middleman was not and is not a citizen of the State of Washington. Plaintiff was not and is not a citizen of the State of Florida. Therefore, Plaintiff is a "citizen of a State different from" Stanley Middleman under 28 U.S.C. § 1332(a).

9. Defendant Michael B. Middleman is, and was at the time this lawsuit was filed, an individual residing and a citizen of the Commonwealth of Pennsylvania. Michael Middleman was not and is not a citizen of the State of Washington. Plaintiff was not and is not a citizen of the Commonwealth of Pennsylvania. Therefore, Plaintiff is a "citizen of a State different from" Michael Middleman under 28 U.S.C. § 1332(a).

10. Defendant Gregory E. Middleman is, and was at the time this lawsuit was filed, an individual residing and a citizen of the Commonwealth of Pennsylvania. Gregory Middleman was not and is not a citizen of the State of Washington. Plaintiff was not and is not a citizen of the Commonwealth of Pennsylvania. Therefore, Plaintiff is a "citizen of a State different from" Gregory Middleman under 28 U.S.C. § 1332(a).

11. Defendant Erik L. Anderson is, and was at the time this lawsuit was filed, an individual residing and a citizen of the State of Georgia. Erik Anderson was not and is not a citizen of the State of Washington. Plaintiff was not and is not a citizen of the State of Georgia. Therefore, Plaintiff is a "citizen of a State different from" Erik Anderson under 28 U.S.C. § 1332(a).

12. Defendant Freedom Mortgage Corporation ("Freedom") is, and was at the time this lawsuit was filed, a corporation registered and incorporated in the State of New Jersey, with its principal place of business in the State of Florida. Freedom was not and is not a citizen of the State of Washington. Plaintiff was not and is not a citizen of the States of New Jersey or Florida.

Therefore, Plaintiff is a "citizen of a State different from" Freedom under 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (noting that corporation's principal place of business is its "nerve center").

13. Defendant Archwell Holdings LLC ("Archwell Holdings") is, and was at the time this lawsuit was filed, a limited liability company organized and existing in the State of Florida. For purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *see Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Archwell Holdings has two members: (1) the Michael B. Middleman Family Trust ("MM Trust") and (2) the Gregory E. Middleman Family Trust ("GM Trust," collectively with the MM Trust, the "Trusts"), both of which are trusts that are sitused and established in the State of Nevada. The Trusts' trustees are: (1) Michael Middleman, as investment trustee for the MM Trust, a citizen of the Commonwealth of Pennsylvania; (2) Gregory Middleman, as investment trustee for the GM Trust, a citizen of the Commonwealth of Pennsylvania; (3) Peak Trust Company, administrative trustee of the Trusts, a corporation incorporated and with its principal place of business in the State of Nevada; and (4) Scott H. Mustin, independent trustee for the Trusts, a citizen of the Commonwealth of Pennsylvania.

14. For purposes of diversity jurisdiction, "[a] trust has the citizenship of its trustee or trustees." *Johnson*, 437 F.3d at 899. Archwell Holdings is accordingly a "citizen" of the Commonwealth of Pennsylvania and the State of Nevada for diversity jurisdiction purposes. Archwell Holdings was not and is not a citizen of the State of Washington. Plaintiff was not and is not a citizen of the Commonwealth of Pennsylvania or the State of Nevada. Therefore, Plaintiff is a "citizen of a State different from" Archwell Holdings under 28 U.S.C. § 1332(a).

15. Defendant Xpanse, LLC ("Xpanse") is, and was at the time this lawsuit was filed, a limited liability company organized and existing in the State of Delaware. Xpanse's sole member is

Archwell Holdings, a citizen of Pennsylvania and Nevada. Xpanse is accordingly a "citizen" of the Commonwealth of Pennsylvania and the State of Nevada for diversity jurisdiction purposes. Xpanse was not and is not a citizen of the State of Washington. Plaintiff was not and is not a citizen of the Commonwealth of Pennsylvania or the State of Nevada. Therefore, Plaintiff is a "citizen of a State different from" Xpanse under 28 U.S.C. § 1332(a).

16. Defendant Archwell Solutions LLC ("Archwell Solutions") is, and was at the time this lawsuit was filed, a limited liability company organized and existing in the State of Florida. Archwell Solutions' sole member is Archwell Holdings, a citizen of Pennsylvania and Nevada. Accordingly, Archwell Solutions is a "citizen" of the Commonwealth of Pennsylvania and the State of Nevada for diversity jurisdiction purposes. Archwell Solutions was not and is not a citizen of the State of Washington. Plaintiff was not and is not a citizen of the Commonwealth of Pennsylvania or the State of Nevada. Therefore, Plaintiff is a "citizen of a State different from" Archwell Solutions under 28 U.S.C. § 1332(a).

17. Defendant Archwell Management LLC ("Archwell Management") is, and was at the time this lawsuit was filed, a limited liability company organized and existing in the State of Florida. Archwell Management's sole member is Archwell Holdings, a citizen of Pennsylvania and Nevada. Accordingly, Archwell Management is a "citizen" of the Commonwealth of Pennsylvania and the State of Nevada for diversity jurisdiction purposes. Archwell Management was not and is not a citizen of the State of Washington. Plaintiff was not and is not a citizen of the Commonwealth of Pennsylvania or the State of Nevada. Therefore, Plaintiff is a "citizen of a State different from" Archwell Management under 28 U.S.C. § 1332(a).

18. Defendant Keystone B2B LLC ("Keystone") is, and was at the time this lawsuit was filed, a limited liability company organized and existing in the State of Florida. Keystone's sole member is Archwell Holdings, a citizen of Pennsylvania and Nevada. Accordingly, Keystone is a "citizen" of the Commonwealth of Pennsylvania and the State of Nevada for diversity jurisdiction purposes. Keystone was not and is not a citizen of the State of Washington. Plaintiff was not and is not a citizen of the Commonwealth of Pennsylvania or the State of Nevada. Therefore, Plaintiff is a "citizen of a State different from" Keystone under 28 U.S.C. § 1332(a).

19. The defendants designated as DOES 1 through 50 are fictitious defendants, and are not parties to this action. Unnamed defendants, including DOE defendants, are not required to join in a removal petition. The Court disregards their citizenship for purposes of determining diversity. 28 U.S.C. § 1441(a); *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); *Newcombe v. Adolf Cooers Co.*, 158 F.3d 686, 690-91 (9th Cir. 1998).

### Amount in Controversy

20. Removal jurisdiction exists where original jurisdiction would also have existed, and the removing defendant bears the burden of establishing jurisdiction. 28 U.S.C. § 1441(a); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If a complaint on its face alleges that the amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met, the action is removable. 28 U.S.C. § 1332; *Adkins v. J.B. Hunt. Transp., Inc.*, No. CV 2:18-28, 2018 WL 1392893, at *2 (E.D. Cal. Mar. 20, 2018); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

21. Plaintiff's Complaint on its face seeks damages in an amount to be proven at trial, but allegedly in excess of $100,000,000.00. *See* Ex. A, Complaint, ¶¶ 145, 153, 163, 171, 179, 187, 195, 205, 215, 224, 232, 239. In addition to this amount, Plaintiff seeks punitive damages, attorney's fees under the California Labor Code, and other damages in an amount according to proof. *Id.*, at Prayer for Relief.

22. Defendants deny that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendants do not waive any defenses or claims that may otherwise be available to them. Without waiving this position, and in light of the allegations set forth in Plaintiff's Complaint, the amount in dispute in this matter exceeds $75,000, exclusive of interest and costs.

23. Defendants have therefore demonstrated that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and which may be removed by Defendants to this Court pursuant to 28 U.S.C. § 1441(a). It is a civil action in which the amount in controversy exceeds $75,000, exclusive of interests and costs, between citizens of different states.

## Venue

24. Venue lies in the United States District Court for the Northern District of California, San Jose Division pursuant to 28 U.S.C. § 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes Santa Clara County, California, where the State Court Action was filed and is pending. *See* L.R. 3-2(e).

25. Defendants will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Santa Clara County Superior Court of California. A copy of the Notice of Removal, a true and correct copy of which is attached hereto as **Exhibit B**, shall be concurrently served on all parties.

For the foregoing reasons, Defendants respectfully submit that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: December 16, 2021         BLANK ROME LLP


By: */s/ Arash Beral*
    Arash Beral
    Caroline P. Donelan
    Craig N. Haring
Attorneys for Defendants
STANLEY C. MIDDLEMAN, MICHAEL B. MIDDLEMAN, GREGORY E. MIDDLEMAN, ERIK L. ANDERSON; FREEDOM MORTGAGE CORPORATION; XPANSE, LLC; ARCHWELL HOLDINGS, LLC; ARCHWELL SOLUTIONS LLC; ARCHWELL MANAGEMENT LLC; KEYSTONE B2B LLC