BLANK ROME LLP
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Caroline P. Donelan (SBN 268762)
caroline.donelan@blankrome.com
Craig N. Haring (SBN 314100)
craig.haring@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

Attorneys for Defendants and Counterclaimants FREEDOM MORTGAGE CORPORATION and XPANSE, LLC, and Defendants STANLEY C. MIDDLEMAN, MICHAEL B. MIDDLEMAN, and GREGORY E. MIDDLEMAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RAHUL MEWAWALLA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STANLEY C. MIDDLEMAN, an individual; MICHAEL B. MIDDLEMAN, an individual; GREGORY E. MIDDLEMAN, an individual; ERIK L. ANDERSON, an individual; FREEDOM MORTGAGE CORPORATION; a New Jersey corporation; XPANSE, LLC, a Delaware limited liability company; ARCHWELL HOLDINGS LLC, a Florida limited liability company; ARCHWELL SOLUTIONS, a Florida limited liability company; ARCHWELL MANAGEMENT LLC, a Florida limited liability company; KEYSTONE B2B LLC, a Florida limited liability company; and DOES 1-50, inclusive<br><br>Defendants. | Case No. 3:21-cv-09700-EMC<br><br>**ANSWER AND COUNTERCLAIM; DEMAND FOR JURY TRIAL**<br><br>Judge: Edward M. Chen<br><br>Case Removed: December 16, 2021<br>Trial Date: Not Set. |

Defendants Stanley C. Middleman, Michael B. Middleman, Gregory E. Middleman, Freedom Mortgage Corporation, and Xpanse, LLC (collectively, "Defendants"),[1] by and through their attorneys of record, Blank Rome LLP, answer the averments set forth in Plaintiff Rahul Mewawalla's Complaint ("Complaint") as numbered therein, and assert affirmative defenses to the Complaint as follows below. In responding to the Complaint, Defendants deny all allegations contained therein unless specifically admitted below.

**JURISDICTION AND VENUE**

1. Defendants admit that Plaintiff was previously employed by Freedom Mortgage Corporation as Executive Vice President, Platforms and Technology Businesses and Chief Digital Officer from March 30, 2020 until around January 22, 2021. Defendants deny that Plaintiff was ever "jointly" employed by Archwell Technology Corporation, Freedom Technology Corporation, Xpanse, Inc., or Xpanse LLC. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and therefore deny the allegations.

2. Defendants admit that Stanley Middleman is the CEO and principal owner and shareholder of Freedom Mortgage Corporation. Defendants deny that Stanley Middleman is a resident of New Jersey. Defendants admit Stanley Middleman is a resident of Florida. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and therefore deny the allegations.

3. Defendants admit that Michael Middleman is Stanley Middleman's son and Gregory Middleman's brother, as well as a senior executive vice president of Freedom Mortgage Corporation. Defendants admit Michael Middleman is a resident of Pennsylvania. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants admit that Gregory Middleman is Stanley Middleman's son and Michael Middleman's brother, and was the Chief Operating Officer of Xpanse LLC and is vice president at Freedom Mortgage Corporation. Defendants admit that Gregory Middleman is a resident of Pennsylvania. Defendants deny the remaining allegations in Paragraph 4.

---

[1] Defendants Erik L. Anderson, Archwell Holdings LLC, Archwell Solutions LLC, Archwell Management, LLC, and Keystone B2B LLC were dismissed from this action pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (the "May 2022 Order") [Dkt. 19].

5. Defendant Erik Anderson was dismissed from this action pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations Paragraph 5.

6. Defendants admit that Freedom Mortgage Corporation is a corporation formed, organized and existing under the laws of the State of New Jersey. The quoted press releases and articles are documents that speak for themselves. Defendants deny the remaining allegations in Paragraph 6.

7. Defendants admit each and every allegation contained in Paragraph 7.

8. Defendant Archwell Holdings LLC was dismissed from this action pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations in Paragraph 8.

9. Defendant Archwell Solutions, LLC was dismissed from this action pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations in Paragraph 9.

10. Defendant Archwell Management, LLC was dismissed from this action pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11. Defendant Keystone B2B, LLC was dismissed from this action pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. The allegations in Paragraph 12 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 12.

13. Defendants admit that Plaintiff and Freedom Mortgage Corporation entered into an employment contract under California law, with the Santa Clara County Superior Court (or the federal Northern District Court for California) as the selected venue for resolution of claims arising out of Plaintiff's employment. Defendants deny they owe any damages but admit that the value of the alleged damages sought by Plaintiff exceed the jurisdictional minimum of this Court. The

remaining allegations in Paragraph 13 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 13.

**BACKGROUND**

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny the allegations.

15. Defendants admit that in 2019, Plaintiff began and continued discussions with Stanley Middleman regarding plans for Freedom Mortgage Corporation to form a new technology company targeted towards the mortgage industry, and Plaintiff's potential role for this endeavor. Defendants admit these discussions occurred in New York and New Jersey, and over the phone. Defendants deny the remaining allegations in Paragraph 15.

16. Defendants admit that Stanley Middleman discussed with Plaintiff certain potential goals and plans for the proposed new technology venture. Defendants deny the remaining allegations in Paragraph 16.

17. Defendants admit that Stanley Middleman discussed with Plaintiff certain potential goals and plans for the proposed new technology venture. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants admit that Stanley Middleman discussed with Plaintiff certain potential goals and plans for the proposed new technology venture, including utilizing Freedom Mortgage Corporation's connections in the mortgage industry to assist the new technology company. Defendants deny the remaining allegations in Paragraph 18.

19. Defendants admit that Stanley Middleman discussed with Plaintiff certain potential goals and plans for the proposed new technology venture. Defendants deny the remaining allegations in Paragraph 19.

20. Defendants admit that Stanley Middleman discussed with Plaintiff certain potential goals and plans for the proposed new technology venture. Defendants deny the remaining allegations in Paragraph 20.

21. Defendants admit that Stanley Middleman discussed with Plaintiff certain potential goals and plans for the proposed new technology venture. Defendants deny the remaining allegations in Paragraph 21.

22. Defendants admit that Freedom Mortgage Corporation hired Plaintiff pursuant to a March 30, 2020 Employment Agreement following various negotiations. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants admit that Freedom Mortgage Corporation hired Plaintiff pursuant to a March 30, 2020 Employment Agreement following various negotiations. Defendants deny the remaining allegations in Paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore deny the allegations.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore deny the allegations.

26. Defendants admit that Freedom Mortgage Corporation hired Plaintiff pursuant to a March 30, 2020 Employment Agreement following various negotiations. Defendants deny the remaining allegations in Paragraph 26.

27. Defendants admit that Freedom Mortgage Corporation hired Plaintiff pursuant to a March 30, 2020 Employment Agreement following various negotiations, and admit that Stanley Middleman discussed with Plaintiff certain potential goals and plans for the proposed new technology venture. Defendants deny the remaining allegations in Paragraph 27.

28. Defendants admit that Freedom Mortgage Corporation hired Plaintiff pursuant to a March 30, 2020 Employment Agreement following various negotiations. Defendants deny the remaining allegations in Paragraph 28.

29. The December 10, 2019 letter and following redline are documents that speak for themselves. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

30. Defendants admit that Freedom Mortgage Corporation hired Plaintiff pursuant to a March 30, 2020 Employment Agreement following various negotiations, including negotiations on the Termination for Cause definition and the Equity Agreement. Defendants admit that Freedom

Mortgage Corporation and Plaintiff were represented by counsel during the negotiations. Defendants deny the remaining allegations in Paragraph 30.

31. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. The allegations in Paragraph 32 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. The allegations in Paragraph 33 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33.

34. Defendants admit that Stanley Middleman discussed with Plaintiff certain potential goals and plans for the proposed new technology venture. Defendants deny the remaining allegations in Paragraph 34.

35. Defendants admit that Stanley Middleman discussed with Plaintiff certain potential goals and plans for the proposed new technology venture. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 35.

36. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and therefore deny the allegations.

38. Defendants admit that Stanley Middleman discussed with Plaintiff certain potential goals and plans for the proposed new technology venture, including utilizing Freedom Mortgage Corporation's connections in the mortgage industry to assist the new technology company. Defendants deny the remaining allegations in Paragraph 38.

39. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 39.

40. Defendants admit that Freedom Mortgage Corporation hired Plaintiff pursuant to a March 30, 2020 Employment Agreement following various negotiations in New York, New Jersey, and over the phone. Defendants admit the negotiations involved high level executives for Freedom Mortgage Corporation. Defendants deny the remaining allegations in Paragraph 40.

41. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 41.

42. Defendants admit that Freedom Technology Corporation was incorporated in the State of Delaware on or about May 27, 2020 as a C-Corporation, that Freedom Technology Corporation was renamed Xpanse, Inc., and that Xpanse, Inc. authorized and issued shares. Defendants otherwise deny the allegations of Paragraph 42.

43. Defendants admit that Xpanse, Inc. was registered in several states. Exhibit B to the Complaint are documents that speaks for themselves. Defendants deny the remaining allegations in Paragraph 43.

44. The referenced website is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 44.

45. Defendants admit that Freedom Mortgage Corporation hired Plaintiff to perform his duties under the March 30, 2020 Employment Agreement. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants admit that Xpanse hired and onboarded employees and that Plaintiff remained an employee of Freedom Mortgage Corporation. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 46.

47. Defendants admit that Freedom Mortgage Corporation hired Plaintiff to perform his duties under the March 30, 2020 Employment Agreement. Defendants admit Plaintiff recruited employees to Defendants. Defendants admit Xpanse, Inc. offered a stock option plan to an employee. Defendants deny the remaining allegations in Paragraph 47.

48. Defendants deny each and every allegation contained in Paragraph 48.

49. Defendants admit Gregory Middleman signed employment letters for Xpanse. Defendants deny the remaining allegations in Paragraph 49.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and therefore deny the allegations.

51. Defendants deny each and every allegation contained in Paragraph 51.

52. Defendants admit that Gregory Middleman became Xpanse's Chief Operating Officer and remained a vice president of Freedom Mortgage Corporation. Defendants otherwise deny the remaining allegations of Paragraph 52.

53. Defendants deny each and every allegation contained in Paragraph 53.

54. Defendants deny each and every allegation contained in Paragraph 54.

55. Defendants deny each and every allegation contained in Paragraph 55.

56. Defendants deny each and every allegation contained in Paragraph 56.

57. Defendants deny each and every allegation contained in Paragraph 57.

58. Defendants deny each and every allegation contained in Paragraph 58.

59. Defendants admit that Freedom Mortgage Corporation, Archwell Holdings, Archwell Management, Archwell Solutions, and Keystone B2B operated separately from Xpanse. Defendants deny the remaining allegations of Paragraph 59.

60. Defendants deny each and every allegation contained in Paragraph 60.

61. Defendants deny each and every allegation contained in Paragraph 61.

62. Defendants deny each and every allegation contained in Paragraph 62.

63. Defendants deny each and every allegation contained in Paragraph 63.

64. Defendants deny each and every allegation contained in Paragraph 64.

65. Defendants deny each and every allegation contained in Paragraph 65.

66. Defendants deny each and every allegation contained in Paragraph 66.

67. Defendants deny each and every allegation contained in Paragraph 67.

68. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 68.

69. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 69.

70. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 70.

71. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 71.

72. Defendants deny each and every allegation contained in Paragraph 72.

73. Defendants deny each and every allegation contained in Paragraph 73.

74. Defendants deny each and every allegation contained in Paragraph 74.

75. Defendants deny each and every allegation contained in Paragraph 75.

76. Defendants admit Plaintiff moved from Santa Clara County, California to Bellevue, Washington. Defendants deny each and every remaining allegation contained in Paragraph 76.

77. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 77.

78. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 78.

79. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants admit Freedom Mortgage and Plaintiff had separate counsel to prepare an equity plan. Defendants deny the remaining allegations in Paragraph 79.

80. The allegations in Paragraph 80 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 80.

81. Defendants deny each and every allegation contained in Paragraph 81.

82. Defendants admit drafts of the equity plan were circulated between the parties. Defendants deny the remaining allegations contained in Paragraph 82.

83. Any proposed equity plan and equity award agreement are documents that speak for themselves. Defendants deny the remaining allegations in Paragraph 83.

84. Defendants deny each and every allegation contained in Paragraph 84.

85. Defendants admit the parties entered into various negotiations regarding the terms of the equity plan. Defendants deny the remaining allegations contained in Paragraph 85.

86. The allegations in Paragraph 86 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 86.

87. The allegations in Paragraph 87 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 87.

88. The allegations in Paragraph 88 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 88.

89. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89, and therefore deny the allegations.

90. Defendants deny each and every allegation contained in Paragraph 90.

91. Defendants deny each and every allegation contained in Paragraph 91.

92. Defendants deny each and every allegation contained in Paragraph 92.

93. Defendants deny each and every allegation contained in Paragraph 93.

94. Defendants deny each and every allegation contained in Paragraph 94.

95. Defendants deny each and every allegation contained in Paragraph 95.

96. Defendants deny each and every allegation contained in Paragraph 96.

97. Defendants deny each and every allegation contained in Paragraph 97.

98. Defendants deny each and every allegation contained in Paragraph 98.

99. Defendants deny each and every allegation contained in Paragraph 99.

100. Defendants deny each and every allegation contained in Paragraph 100.

101. Defendants deny each and every allegation contained in Paragraph 101.

102. Defendants deny each and every allegation contained in Paragraph 102.

103. Defendants deny each and every allegation contained in Paragraph 103.

104. Defendants deny each and every allegation contained in Paragraph 104.

105. Defendants deny each and every allegation contained in Paragraph 105.

106. Defendants deny each and every allegation contained in Paragraph 106.

107. Defendants deny each and every allegation contained in Paragraph 107.

108. Defendants deny each and every allegation contained in Paragraph 108.

109. Defendants deny each and every allegation contained in Paragraph 109.

110. Defendants deny each and every allegation contained in Paragraph 110.

111. Defendants deny each and every allegation contained in Paragraph 111.

112. Defendants deny each and every allegation contained in Paragraph 112.

113. Defendants deny each and every allegation contained in Paragraph 113.

114. Defendants deny each and every allegation contained in Paragraph 114.

115. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115, and therefore deny the allegations.

116. Defendants deny each and every allegation contained in Paragraph 116.

117. Defendants deny each and every allegation contained in Paragraph 117.

118. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118, and therefore deny the allegations.

119. Defendants deny each and every allegation contained in Paragraph 119.

120. Defendants deny each and every allegation contained in Paragraph 120.

121. Defendants deny each and every allegation contained in Paragraph 121.

122. Defendants deny each and every allegation contained in Paragraph 122.

123. Defendants deny each and every allegation contained in Paragraph 123.

124. Defendants deny each and every allegation contained in Paragraph 124.

125. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125, and therefore deny the allegations.

126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126, and therefore deny the allegations.

127. Defendants deny each and every allegation contained in Paragraph 127.

128. Defendants deny each and every allegation contained in Paragraph 128.

129. Defendants deny each and every allegation contained in Paragraph 129.

130. Defendants admit that Plaintiff was terminated for cause on January 21, 2021. Defendants deny the remaining allegations of Paragraph 130.

131. Defendants admit that Timothy Beard was also terminated on January 21, 2021. Defendants deny the remaining allegations of Paragraph 131.

132. Defendants deny each and every allegation contained in Paragraph 132.

133. Defendants deny each and every allegation contained in Paragraph 133.

134. Defendants admit that certain people were informed of Plaintiff's termination. Defendants deny the remaining allegations of Paragraph 134.

135. The referenced documents speak for themselves. Defendants deny the remaining allegations in Paragraph 135.

136. Defendants deny each and every allegation contained in Paragraph 136.

**FIRST CAUSE OF ACTION**

Fraud: False Promise

(Against Defendants Freedom Mortgage Corporation, Archwell Holdings LLC, Archwell Solutions, Archwell Management LLC, Keystone B2B, LLC, Stanley Middleman, Michael Middleman, and Does 1-50)[2]

137. As to Paragraph 137, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 136 as if set forth in full herein.

138. Defendants deny each and every allegation contained in Paragraph 138.

139. The allegations in Paragraph 139 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 139.

140. Defendants deny each and every allegation contained in Paragraph 140.

/ / /

/ / /

[2] Pursuant to the Court's May 2022 Order, this cause of action is only alleged against Defendants Freedom Mortgage Corporation and Stanley Middleman. "Defendants" as used in the following responses to the allegations in each cause of action refers solely to the defendants that remain party to the cause of action following the Court's May 2022 Order.

141. The allegations in Paragraph 141 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 141.

142. The allegations in Paragraph 142 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 142.

143. The allegations in Paragraph 143 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 143.

144. The allegations in Paragraph 144 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 144.

145. Defendants deny each and every allegation contained in Paragraph 145.

## SECOND CAUSE OF ACTION

Fraud: Concealment

(Against Defendants Freedom Mortgage Corporation, Xpanse, LLC, Archwell Holdings, LLC, Archwell Solutions, LLC, Archwell Management LLC, Keystone B2B, LLC, Stanley Middleman, Michael Middleman, Gregory Middleman and Does 1-50)[3]

146. As to Paragraph 146, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 145 as if set forth in full herein.

147. The allegations in Paragraph 147 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 147.

148. The allegations in Paragraph 148 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 148.

[3] Pursuant to the Court's May 2022 Order, this cause of action is only alleged against Defendants Freedom Mortgage Corporation and Stanley Middleman.

149. Defendants deny each and every allegation contained in Paragraph 149.

150. The allegations in Paragraph 150 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 150.

151. The allegations in Paragraph 151 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 151.

152. The allegations in Paragraph 152 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 152.

153. Defendants deny each and every allegation contained in Paragraph 153.

**THIRD CAUSE OF ACTION**

Fraud: Intentional Misrepresentation

(Against Defendants Freedom Mortgage Corporation, Xpanse, LLC, Archwell Holdings, LLC, Archwell Solutions, LLC, Archwell Management LLC, Keystone B2B, LLC, Stanley Middleman, Michael Middleman, Gregory Middleman and Does 1-50)

154. As to Paragraph 154, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 153 as if set forth in full herein.

155. Plaintiff's Third Cause of Action for Intentional Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 155.

156. Plaintiff's Third Cause of Action for Intentional Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 156.

157. Plaintiff's Third Cause of Action for Intentional Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion

to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 157.

158. Plaintiff's Third Cause of Action for Intentional Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 158.

159. Plaintiff's Third Cause of Action for Intentional Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 159.

160. Plaintiff's Third Cause of Action for Intentional Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 160.

161. Plaintiff's Third Cause of Action for Intentional Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 161.

162. Plaintiff's Third Cause of Action for Intentional Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 162.

163. Plaintiff's Third Cause of Action for Intentional Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 163.

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

Negligent Misrepresentation

(Against Defendants Freedom Mortgage Corporation, Xpanse, LLC, Archwell Holdings LLC, Archwell Solutions, Archwell Management LLC, Keystone B2B, LLC, Stanley Middleman, Michael Middleman, Gregory Middleman, and Does 1-50)

164. As to Paragraph 164, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 163 as if set forth in full herein.

165. Plaintiff's Fourth Cause of Action for Negligent Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 165.

166. Plaintiff's Fourth Cause of Action for Negligent Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 166.

167. Plaintiff's Fourth Cause of Action for Negligent Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 167.

168. Plaintiff's Fourth Cause of Action for Negligent Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 168.

169. Plaintiff's Fourth Cause of Action for Negligent Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 169.

/ / /

170. Plaintiff's Fourth Cause of Action for Negligent Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 170.

171. Plaintiff's Fourth Cause of Action for Negligent Misrepresentation was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 171.

## **FIFTH CAUSE OF ACTION**

Breach of Contract

(Against Defendants Freedom Mortgage Corporation and Xpanse, LLC and Does 1-50)

172. As to Paragraph 172, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 171 as if set forth in full herein.

173. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 173.

174. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 174.

175. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 175.

176. The allegations in Paragraph 176 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 176.

177. The allegations in Paragraph 177 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 177.

178. The allegations in Paragraph 178 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 178.

179. Defendants deny each and every allegation contained in Paragraph 179.

**SIXTH CAUSE OF ACTION**

Breach of the Covenant of Good Faith and Fair Dealing

(Against Defendants Freedom Mortgage Corporation and Xpanse, LLC and Does 1-50)[4]

180. As to Paragraph 180, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 179 as if set forth in full herein.

181. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 181.

182. The allegations in Paragraph 182 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 182.

183. The allegations in Paragraph 183 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 183.

184. The allegations in Paragraph 184 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 184.

185. The allegations in Paragraph 185 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 185.

186. The allegations in Paragraph 186 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 186.

187. Defendants deny each and every allegation contained in Paragraph 187.

/ / /

/ / /

/ / /

[4] Pursuant to the Court's May 2022 Order, this cause of action is only alleged against Defendant Xpanse, LLC.

**SEVENTH CAUSE OF ACTION**

Retaliation Against Plaintiff for Refusing to Participate in Illegal Activities

(Labor Code § 1102.5)

(Against Defendants Freedom Mortgage Corporation, Xpanse, LLC, Archwell Holdings, LLC, Archwell Solutions, LLC, Archwell Management LLC, Keystone B2B, LLC, Stanley Middleman, Michael Middleman, Gregory Middleman, Erik Anderson and Does 1-50)[5]

188. As to Paragraph 188, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 187 as if set forth in full herein.

189. The allegations in Paragraph 189 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 189.

190. The allegations in Paragraph 190 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 190.

191. The allegations in Paragraph 191 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 191.

192. The allegations in Paragraph 192 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 192.

193. The allegations in Paragraph 193 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 193.

194. The allegations in Paragraph 194 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 194.

[5] Pursuant to the Court's May 2022 Order, this cause of action is only alleged against Defendants Freedom Mortgage Corporation and Xpanse, LLC.

195. Defendants deny each and every allegation contained in Paragraph 195.

196. Defendants deny each and every allegation contained in Paragraph 196.

**EIGHTH CAUSE OF ACTION**

Retaliation for Requesting Unpaid Wages

(California Labor Code § 98.6)

(Against Defendants Freedom Mortgage Corporation and Xpanse, LLC and Does 1-50)

197. As to Paragraph 197, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 196 as if set forth in full herein.

198. The allegations in Paragraph 198 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 198.

199. The allegations in Paragraph 199 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 199.

200. The allegations in Paragraph 200 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 200.

201. The allegations in Paragraph 201 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 201.

202. The allegations in Paragraph 202 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 202.

203. The allegations in Paragraph 203 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 203.

/ / /

/ / /

204. The allegations in Paragraph 204 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 204.

205. Defendants deny each and every allegation contained in Paragraph 205.

206. Defendants deny each and every allegation contained in Paragraph 206.

**NINTH CAUSE OF ACTION**

Wrongful Discharge in Violation of California Public Policy

(Against Defendants Freedom Mortgage Corporation, Xpanse, LLC, and Does 1-50)

207. As to Paragraph 207, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 206 as if set forth in full herein.

208. The allegations in Paragraph 208 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 208.

209. The allegations in Paragraph 209 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 209.

210. The allegations in Paragraph 210 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 210.

211. The allegations in Paragraph 211 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 211.

212. The allegations in Paragraph 212 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 212.

213. The allegations in Paragraph 213 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 213.

214. The allegations in Paragraph 214 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 214.

215. Defendants deny each and every allegation contained in Paragraph 215.

216. Defendants deny each and every allegation contained in Paragraph 216.

## TENTH CAUSE OF ACTION

Intentional Interference with Economic Relations

(Against Defendants Archwell Holdings, LLC, Archwell Solutions, LLC, Archwell Management LLC, Keystone B2B, LLC, Stanley Middleman, Michael Middleman, Gregory Middleman, Erik Anderson and Does 1-50)

217. As to Paragraph 217, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 216 as if set forth in full herein.

218. Plaintiff's Tenth Cause of Action for Intentional Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 218.

219. Plaintiff's Tenth Cause of Action for Intentional Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 219.

220. Plaintiff's Tenth Cause of Action for Intentional Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 220.

221. Plaintiff's Tenth Cause of Action for Intentional Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 221.

222. Plaintiff's Tenth Cause of Action for Intentional Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 222.

223. Plaintiff's Tenth Cause of Action for Intentional Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 223.

224. Plaintiff's Tenth Cause of Action for Intentional Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 224.

## ELEVENTH CAUSE OF ACTION

Intentional Inducement of Breach of Contract

(Against Defendants Archwell Holdings, LLC, Archwell Solutions, LLC, Archwell Management LLC, Keystone B2B, LLC, Stanley Middleman, Michael Middleman, Gregory Middleman, Erik Anderson and Does 1-50)

225. As to Paragraph 225, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 225 as if set forth in full herein.

226. Plaintiff's Eleventh Cause of Action for Intentional Inducement of Breach of Contract was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 226.

227. Plaintiff's Eleventh Cause of Action for Intentional Inducement of Breach of Contract was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 227.

/ / /

228. Plaintiff's Eleventh Cause of Action for Intentional Inducement of Breach of Contract was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 228.

229. Plaintiff's Eleventh Cause of Action for Intentional Inducement of Breach of Contract was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 229.

230. Plaintiff's Eleventh Cause of Action for Intentional Inducement of Breach of Contract was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 230.

231. Plaintiff's Eleventh Cause of Action for Intentional Inducement of Breach of Contract was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 231.

232. Plaintiff's Eleventh Cause of Action for Intentional Inducement of Breach of Contract was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 232.

## TWELFTH CAUSE OF ACTION

Negligent Interference with Economic Relations

(Against Defendants Archwell Holdings, LLC, Archwell Solutions, LLC, Archwell Management LLC, Keystone B2B, LLC, Stanley Middleman, Michael Middleman, Gregory Middleman, Erik Anderson and Does 1-50)

233. As to Paragraph 233, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 232 as if set forth in full herein.

/ / /

234. Plaintiff's Twelfth Cause of Action for Negligent Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 234.

235. Plaintiff's Twelfth Cause of Action for Negligent Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 235.

236. Plaintiff's Twelfth Cause of Action for Negligent Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 236.

237. Plaintiff's Twelfth Cause of Action for Negligent Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 237.

238. Plaintiff's Twelfth Cause of Action for Negligent Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 238.

239. Plaintiff's Twelfth Cause of Action for Negligent Interference with Economic Relations was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 239.

/ / /

/ / /

/ / /

/ / /

**THIRTEENTH CAUSE OF ACTION**

Violation of Labor Code § 210

(Against Defendants Freedom Mortgage Corporation, Xpanse, LLC, and Does 1-50)

240. As to Paragraph 240, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 239 as if set forth in full herein.

241. The allegations in Paragraph 241 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 241.

242. The allegations in Paragraph 242 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 242.

243. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 243 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 243.

244. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 244 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 244.

245. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 245 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 245.

246. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 246 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 246.

247. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 247 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 247.

/ / /

/ / /

248. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 248 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 248.

249. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 249 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 249.

250. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 250 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 250.

251. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 251 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 251.

252. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 252 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 252.

253. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 253 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 253.

254. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 254 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 254.

255. Plaintiff's pay records are documents that speak for themselves. The allegations in Paragraph 255 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 255.

256. Defendants deny each and every allegation contained in Paragraph 256.

257. Defendants deny each and every allegation contained in Paragraph 257.

/ / /

/ / /

**FOURTEENTH CAUSE OF ACTION**

Violation of Labor Code §§ 970, et seq.

(Against Defendants Freedom Mortgage Corporation, Xpanse, LLC, Stanley Middleman, Michael Middleman, Gregory Middleman, and Does 1-50)

258. As to Paragraph 258, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 257 as if set forth in full herein.

259. The allegations in Paragraph 259 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 259.

260. The allegations in Paragraph 260 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 260.

261. The allegations in Paragraph 261 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 261.

262. The allegations in Paragraph 262 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 262.

263. The allegations in Paragraph 263 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 263.

264. Defendants deny each and every allegation contained in Paragraph 264.

265. The allegations in Paragraph 265 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 265.

266. The allegations in Paragraph 266 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 266.

267. The allegations in Paragraph 267 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 267.

268. The allegations in Paragraph 268 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 268.

269. The allegations in Paragraph 269 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 269.

## FIFTEENTH CAUSE OF ACTION

Failure to Pay Wages Timely, Including Upon Termination

Labor Code §§ 201 et seq.

(Against Defendants Freedom Mortgage Corporation and Xpanse, LLC and Does 1-50)

270. As to Paragraph 270, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 269 as if set forth in full herein.

271. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 271.

272. The documents referenced speak for themselves. The allegations in Paragraph 272 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 272.

273. The documents referenced speak for themselves. The allegations in Paragraph 273 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 273.

274. The documents referenced speak for themselves. The allegations in Paragraph 274 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 274.

/ / /

275. The documents referenced speak for themselves. The allegations in Paragraph 275 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 275.

276. The documents referenced speak for themselves. The allegations in Paragraph 276 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 276.

277. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 277.

278. The March 30, 2020 Employment Agreement attached as Exhibit A to the Complaint is a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 278.

279. The documents referenced speak for themselves. The allegations in Paragraph 279 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 279.

280. The allegations in Paragraph 280 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 280.

281. The allegations in Paragraph 281 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 281.

282. The allegations in Paragraph 282 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 282.

283. Defendants deny each and every allegation contained in Paragraph 283.

/ / /

/ / /

/ / /

/ / /

/ / /

**SIXTEENTH CAUSE OF ACTION**

Unfair Competition

(California Business and Professions Code §§ 17200, et seq.)

(Against Defendants Freedom Mortgage Corporation, Xpanse, LLC, Archwell Holdings, LLC, Archwell Solutions, LLC, Archwell Management LLC, Keystone B2B, LLC, Stanley Middleman, Michael Middleman, Gregory Middleman, Erik Anderson and Does 1-50)[6]

284. As to Paragraph 284, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 283 as if set forth in full herein.

285. The allegations in Paragraph 285 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 285.

286. The allegations in Paragraph 286 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 286.

287. The allegations in Paragraph 287 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 287.

288. The allegations in Paragraph 288 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 288.

289. The allegations in Paragraph 289 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 289.

290. The allegations in Paragraph 290 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 290.

[6] Pursuant to the Court's May 2022 Order, this cause of action is only alleged against Defendants Freedom Mortgage Corporation, Xpanse, LLC, Stanley Middleman, Michael Middleman, and Gregory Middleman.

291. The allegations in Paragraph 291 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 291.

292. The allegations in Paragraph 292 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 292.

293. The allegations in Paragraph 293 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 293.

294. The allegations in Paragraph 294 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 294.

295. The allegations in Paragraph 295 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 295.

## SEVENTEENTH CAUSE OF ACTION

Constructive Trust

Civil Code §§ 2223 and 2224

(Against Defendants Xpanse, LLC, Archwell Holdings, LLC, Archwell Solutions, LLC, Archwell Management LLC, Keystone B2B, LLC, and Does 1-50)

296. As to Paragraph 296, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 295 as if set forth in full herein.

297. Plaintiff's Seventeenth Cause of Action for Constructive Trust was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 297.

298. Plaintiff's Seventeenth Cause of Action for Constructive Trust was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion

to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 298.

299. Plaintiff's Seventeenth Cause of Action for Constructive Trust was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 299.

300. Plaintiff's Seventeenth Cause of Action for Constructive Trust was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 300.

301. Plaintiff's Seventeenth Cause of Action for Constructive Trust was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 301.

## EIGHTEENTH CAUSE OF ACTION

Equitable Accounting

(Against Defendants Freedom Mortgage Corporation, Xpanse, LLC, Archwell Holdings, LLC, Archwell Solutions, LLC, Archwell Management LLC, Keystone B2B, LLC, and Does 1-50)[7]

302. As to Paragraph 302, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 301 as if set forth in full herein.

303. The allegations in Paragraph 303 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 303.

304. The allegations in Paragraph 304 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 304.

[7] Pursuant to the Court's May 2022 Order, this cause of action is only alleged against Defendants Freedom Mortgage Corporation and Xpanse, LLC.

305. The allegations in Paragraph 305 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 305.

306. The allegations in Paragraph 306 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 306.

307. The allegations in Paragraph 307 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 307.

**NINETEENTH CAUSE OF ACTION**

Declaratory Relief

(Against Defendants Freedom Mortgage Corporation, Xpanse, LLC, and Does 1-50)

308. As to Paragraph 308, Defendants reiterate, restate, and incorporate their responses to Paragraphs 1 through 307 as if set forth in full herein.

309. Plaintiff's Nineteenth Cause of Action for Declaratory Relief was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 309.

310. Plaintiff's Nineteenth Cause of Action for Declaratory Relief was dismissed pursuant to the Court's May 2, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. To the extent a response is required, Defendants deny the allegations contained in Paragraph 310.

**PRAYER FOR RELIEF**

1. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 1 of the Prayer for Relief;

2. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 2 of the Prayer for Relief;

/ / /

3. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 3 of the Prayer for Relief;

4. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 4 of the Prayer for Relief;

5. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 5 of the Prayer for Relief;

6. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 6 of the Prayer for Relief;

7. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 7 of the Prayer for Relief;

8. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 8 of the Prayer for Relief;

9. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 9 of the Prayer for Relief;

10. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 10 of the Prayer for Relief;

11. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 11 of the Prayer for Relief;

12. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 12 of the Prayer for Relief; and

13. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraph 13 of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Defendants, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of its investigation, discovery, preparation for trial, or otherwise, if becomes appropriate to assert such defenses, Defendants allege the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CAUSE OF ACTION)**

1. The Complaint, and the purported causes of action alleged, fail to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(BREACH OF CONTRACT)**

2. The Complaint, and the purported causes of action alleged, fail because Plaintiff materially breached the contract (or contracts) at issue in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(CONDITION PRECEDENT)**

3. The Complaint, and the purported causes of action alleged, fail because the condition underlying Plaintiff's employment at Xpanse LLC never occurred, and therefore Xpanse LLC owed Plaintiff no contractual duties.

**FOURTH AFFIRMATIVE DEFENSE**

**(PAROL EVIDENCE)**

4. The Complaint, and the purported causes of action alleged, fail because the contract or contracts at issue are fully integrated and parol evidence is inadmissible.

**FIFTH AFFIRMATIVE DEFENSE**

**(RELEASE)**

5. The Complaint, and the purported causes of action alleged, fail because Plaintiff released and/or is contractually obligated to release his claims against Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE DAMAGES)**

6. The Complaint, and the purported causes of action alleged, fail because Plaintiff failed to mitigate his damages.

/ / /

/ / /

/ / /

**SEVENTH AFFIRMATIVE DEFENSE**

**(OFFSET)**

7. To the extent that Defendants may be indebted to Plaintiff, Defendants are entitled to an offset or set-off against Plaintiff's recovery in this action, if any, to the extent that there are damages or other sums owing from Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

**(LIMITATION OF LIABILITY)**

8. The Complaint, and the purported causes of action alleged, fail because Plaintiff is limited to the remedies set forth in the contract or contracts at issue.

**NINTH AFFIRMATIVE DEFENSE**

**(WAIVER, EXCUSE, AND RELEASE)**

9. The Complaint, and the purported causes of action alleged, fail because Plaintiff's causes of action have been waived, excused, or released expressly or impliedly by reason of Plaintiff's agreements, actions or omissions while knowing facts, or having means of knowing facts, which allegedly support Plaintiff's causes of action.

**TENTH AFFIRMATIVE DEFENSE**

**(FRAUD)**

10. The Complaint, and the purported causes of action alleged, fail because of Plaintiff's fraudulent inducement of Defendants into entering into the contract (or contracts) at issue in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(ACCORD AND SATISFACTION, NOVATION)**

11. The Complaint, and the purported causes of action alleged, fail because of the doctrines of accord and satisfaction, and/or novation.

**TWELFTH AFFIRMATIVE DEFENSE**

**(ACQUIESCENCE)**

12. Defendants allege that through Plaintiff's conduct, Plaintiff approved, authorized, consented to and/or acquiesced to Defendants' conduct alleged in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(RATIFICATION/CONSENT)**

13. The Complaint, and the purported causes of action alleged, fail because Plaintiff approved, authorized, ratified, or consented to Defendants' alleged actions and, accordingly, Plaintiff is now barred from enforcing each of the alleged rights, claims, and obligations which Plaintiff now seeks to enforce against Defendants.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(NO RELIANCE)**

14. The Complaint, and the purported causes of action alleged, fail because Plaintiff did not actually, justifiably, or reasonably rely on any representations made by Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(LEGAL JUSTIFICATION)**

15. The Complaint, and the purported causes of action alleged, fail because all actions taken by Defendants were legally justified generally, and under the circumstances.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(WRONGDOING OF OTHERS)**

16. The Complaint, and the purported causes of action alleged, fail because Plaintiff's injuries and damages are the result of malfeasances committed by third parties and other parties in this action, not including Defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

17. The Complaint, and the purported causes of action alleged, fail because Plaintiff's causes of action are barred by the doctrine of unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(UNJUST ENRICHMENT)**

18. Plaintiff has been unjustly enriched to the extent that Defendants already paid him more than he was entitled to be paid.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

19. The Complaint, and the purported causes of action alleged, fail because Plaintiff's causes of action are barred by the doctrine of estoppel.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(LACHES)**

20. The Complaint, and the purported causes of action alleged, fail because they are barred by the doctrine of laches.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(ADEQUACY OF REMEDY AT LAW)**

21. The Complaint, and the purported causes of action alleged, fail because Plaintiff would be adequately compensated in an action at law for contractual damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable and tort relief.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(PUNITIVE DAMAGES BARRED)**

22. The Complaint and each cause of action seeking punitive damages are barred because Plaintiff has failed to state facts sufficient to support an award of punitive damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(PUNITIVE DAMAGES UNCONSTITUTIONAL)**

23. The Complaint and each cause of action seeking punitive damages therein are barred on the grounds that any award of punitive or exemplary damages under California law in general and/or any such award under California law as applied to the facts of the specific action would violate Defendants' constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(DE MINIMIS)**

24. The Complaint, and the purported causes of action alleged, failed because some or all of the damages claimed by Plaintiff are barred by the *de minimis* doctrine.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(GOOD FAITH)**

25. The Complaint, and the purported causes of action alleged, fail because at all relevant times Defendants acted with both subjective and objective good faith, such that any cause of action for relief that Plaintiff may have is barred by law. Plaintiff's claims are further barred because Defendants relied in good faith upon written guidelines, interpretations and rules promulgated by the California Department of Industrial Relations, California Division of Labor Standards Enforcement ("DLSE"), and upon the administrative practice and enforcement policies of the DLSE

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(STATUTE OF LIMITATIONS)**

26. The Complaint, and the purported causes of action alleged, fail because they are barred by the applicable statute of limitations, including without limitation:

a) The one-year statute of limitations set forth in California Code of Civil Procedure § 340(a) for Plaintiff's cause of action for untimely wages under Labor Code § 210;

b) The two-year statute of limitations set forth in California Code of Civil Procedure § 355.1 for Plaintiff's cause of action for wrongful termination in violation of public policy; and

c) The three-year statute of limitations set forth in California Code of Civil Procedure § 338(a) for Plaintiff's cause of action for retaliation under Labor Code § 1102.5; Plaintiff's cause of action for solicitation by misrepresentation under Labor Code § 970; and Plaintiff's cause of action for waiting time penalties under Labor Code § 203.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(COMPLIANCE WITH STATUTES AND REGULATIONS)**

27. The Complaint, and the purported causes of action alleged, fail because the conduct of Defendants, at all times, complied with all applicable statutes, regulations and laws.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(NO WILLFUL VIOLATION OF CALIFORNIA LAW)**

28. Plaintiff's cause of action for waiting time penalties is barred because Defendants acted in good faith, had reasonable grounds for believing that they were in compliance with all applicable laws, and there is a good faith dispute as to whether any of the allegedly unpaid wages are due or unpaid. See, Cal. Code Regs., tit. 8, § 13520.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(NO VIOLATION OF PUBLIC POLICY)**

29. The Complaint and each cause of action alleging a violation of public policy are barred because any actions taken with respect to Plaintiff's employment were based on legitimate, non-discriminatory, and non-retaliatory reasons and/or such conduct involved matters which do not, as a matter of law, implicate or violate public policy.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(LEGITIMATE BUSINESS DECISION)**

30. The Complaint and each cause of action alleged therein are barred because any actions taken with respect to Plaintiff's employment were non-discriminatory and non-retaliatory, and Defendants were privileged to take such actions to further the interests of their business.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(AFTER-ACQUIRED EVIDENCE)**

31. The Complaint and each cause of action alleged therein are barred and/or damages are cut off to the extent that Defendants have discovered facts, or may later discover facts, which, if known to Defendants prior to Plaintiff's termination, would have created additional grounds or bases for a decision to discharge Plaintiff. As a matter of law, the after-acquired evidence doctrine bars Plaintiff's recovery for such claims and/or cuts off damages for such claims.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(SAME DECISION/MIXED-MOTIVE)**

32. If it is found that Defendants' actions taken with respect to Plaintiff's employment were motivated by both lawful and unlawful reasons, the lawful reasons alone would have caused Defendants to take the same actions.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(NO PROTECTED DISCLOSURES)**

33. Plaintiff is barred from recovery under California Labor Code § 1102.5 because he did not "disclose" any wrongdoing to Defendants and therefore any alleged complaints are not protected disclosures under *Mize-Kurzman v. Marin*. 202 Cal.App.4th 832, 858 (2012).

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(CONTRACT IS FULLY INTEGRATED)**

34. The Complaint, and the purported causes of action alleged, fail because the contract at issue is fully integrated and any unsigned agreements are not enforceable nor can they form a basis for an oral or implied-in-fact contract.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES)**

35. Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during discovery proceedings. Defendants' further reserve the right to amend their answer and/or affirmative defenses accordingly and/or delete affirmative defenses that they determine during the course of subsequent discovery are not applicable.

**WHEREFORE**, Defendants respectfully pray for judgment as follows:

1. That judgment is entered in favor of Defendants and against Plaintiff;
2. That Plaintiff takes nothing by way of the Complaint, and that the Complaint is dismissed against Defendants with prejudice;
3. That Defendants be awarded their reasonable costs, including attorney's fees; and
4. For such other and further relief as the Court may deem just and proper.

**COUNTERCLAIMS**

Defendant/Counterclaimant Freedom Mortgage Corporation ("Freedom Mortgage") and Xpanse, LLC ("Xpanse," and with Freedom Mortgage, "Counterclaimants") assert the following Counterclaims against Plaintiff/Counterclaim Defendant Rahul Mewawalla ("Mewawalla"):

**NATURE OF THE ACTION**

1. At great expense, Freedom Mortgage hired Mewawalla to be a leader. This task required hard work, experience, and the ability to lead his team from the front. Yet, Mewawalla shirked his responsibilities at every turn. He never took ownership of a project, refused to learn the intricacies of Freedom Mortgage's business let alone its basic operational metrics, and never took responsibility for any of his failures. Worse, Mewawalla created an abusive and toxic work environment, leading to a complete leadership breakdown and resulting in key employees leaving. As a result of Mewawalla's conduct, Freedom Mortgage suffered substantial harm.

**THE PARTIES**

2. Freedom Mortgage is a New Jersey corporation with its principal place of business in Florida.

3. Xpanse is a Delaware limited liability company and is a citizen of the Commonwealth of Pennsylvania and State of Nevada.

4. Counterclaimants are informed and believe, and thereon allege, that Mewawalla is an individual and resident of the State of Washington.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in this judicial district as the March 30, 2020 Employment Agreement between Freedom Mortgage and Mewawalla requires any "action, suit or other legal proceeding arising under or relating to any provision of [the] Agreement" to be brought in the "Santa Clara County Superior Court in the State of California (or, if appropriate, a federal court located within the Northern District of the State of California)."

/ / /

## FACTUAL BACKGROUND

**Mewawalla Promises to Lead Freedom Mortgage in the Creation of a Technology Company**

7. In 2019, Freedom Mortgage started developing plans to create a new technology company. This new entity was intended to focus on the backside of mortgage lending, creating new technologies, tools, processes, and services between mortgage lenders and service providers.

8. As Freedom Mortgage sought to make this new entity a "technology-first" company, Freedom Mortgage sought out individuals with key experience in building out and running such new technology companies.

9. In late 2019, Freedom Mortgage began meeting with Mewawalla. Mewawalla presented himself as an experienced Board and "C-Level" leader, with "strategy and operational leadership" experience in Fortune 500 companies. Mewawalla emphasized his background at companies such as Nokia, Yahoo, and NBC Universal, leading efforts at these companies, and others, to achieve such eye-popping figures of 30x revenue growth, 10x customer growth, and 5x distribution growth. Indeed, Mewawalla represented that he had extensive experience in leading and driving revenue growth, building out executive and operating teams, running product and platform development, and driving innovation.

10. Based on these representations, and others, Freedom Mortgage agreed to hire Mewawalla as an Executive Vice President tasked with setting up, creating, and eventually running the new entity, including hiring employees, developing products, and creating long term business strategies and plans. The new entity was originally referred to as Freedom Technology Corporation ("FTC"), but later changed its name to Xpanse, Inc., and then to Counterclaimant Xpanse, LLC.

**Mewawalla Enters into an Arm's Length Transaction with Freedom Mortgage**

11. Each party being represented by capable counsel, Freedom Mortgage and Mewawalla entered into a written Employment Agreement on or about March 30, 2020 (the "Employment Agreement"),[8] whereby Freedom Mortgage employed Mewawalla as its Executive Vice President, Platforms and Technology Business and Chief Digital Officer.

[8] A copy of the Employment Agreement is attached as Exhibit A to Plaintiff's Complaint.

12. Pursuant to Section 1 of the Employment Agreement, Mewawalla was hired as an "at-will" employee and could be terminated "for any reason, at any time, with or without Cause."

13. Pursuant to Section 3 of the Employment Agreement, Mewawalla's responsibilities at Freedom Mortgage included:

a. "[P]erformance of those duties consistent with [Mewawalla's] position as Executive Vice President, Platforms and Technology Business and Chief Digital Officer;"

b. Any other duties and responsibilities as may be assigned by the Chief Executive Officer of Freedom Mortgage;

c. "[S]etting up, creating, and running" FTC;

d. "[D]eveloping a detailed business plan for FTC, which lays out hiring goals and an operational approach to development and rollout of a series of products that will improve the speed, efficiency, and cost of mortgage origination and servicing;"

e. The "overall strategy for FTC, including setting forth priorities, roadmaps, KPIs, operational plans;"

14. Pursuant to Section 3 of the Employment Agreement, Mewawalla was to become a "President" of FTC only after a "new employment agreement in the form attached as Exhibit A" was mutually agreed to.

15. Pursuant to Section 5 of the Employment Agreement, Mewawalla was to have a base salary of $1,500,000, and became eligible to receive a one-time signing bonus (the "Signing Bonus") of $1,000,000 payable in two lump sums under certain conditions. While at Freedom Mortgage, Mewawalla was also eligible for certain discretionary performance bonuses and other benefits. *See* Employment Agreement, §§ 5(c), (f).

16. Pursuant to Section 5(b) of the Employment Agreement, if Mewawalla left Freedom Mortgage or FTC "voluntarily without Good Reason or [was] terminated by [Freedom Mortgage] or FTC for Cause . . ., in each case before the first anniversary of" March 30, 2020, Mewawalla was "required to repay to [Freedom Mortgage] a pro rata of the Signing Bonus that" had been paid to him.

/ / /

17. Pursuant to Section 8(a) of the Employment Agreement, nothing in the Employment Agreement interfered with or limited "in any way [Freedom Mortgage's] or [Mewawalla's] right to terminate [Mewawalla's] employment at any time, for any reason or no reason, with or without notice . . ., subject to any payment obligation that [Freedom Mortgage] may have, and nothing in [the] Agreement confer[ed] on [Mewawalla] any right to continue in the [Freedom Mortgage's] employ."

18. Pursuant to Section 8(c) of the Employment Agreement, Mewawalla agreed that Freedom Mortgage could terminate him for "Cause" immediately upon written notice.

19. Pursuant to Section 8(f)(i), "Cause" is defined as a finding that Mewawalla:

> (1) materially breached [the Employment Agreement], provided that, if such breach is curable, the Executive was given prior written notice of such breach and was granted a reasonable opportunity of not less than fifteen (15) days to cure any such breach; (2) breached a material term or condition of the Confidentiality Agreement or any other Agreements to which he is bound as per this agreement; (3) engaged in gross negligence or misconduct, fraud or embezzlement in his job duties; (4) engaged in any conduct that is, or is reasonably likely to be, materially harmful to the business, interests or reputation of [Freedom Mortgage], provided that, if such conduct is, in the reasonable judgment of [Freedom Mortgage], curable, [Mewawalla] was given prior written notice of such conduct and was granted a reasonable opportunity of not less than fifteen (15) days to cure any such conduct; or (5) was convicted of, or pleaded guilty or nolo contendere to, a misdemeanor, or charged with an felony crime.

20. The negotiated-at-arm's-length Employment Agreement included provisions for the parties' remedies in the event of termination. Mewawalla bound himself to agree to: (a) execute a Confidential Separation Agreement and General Release of Claims (the "General Release"), whereby Mewawalla agreed to release all claims, liabilities, and causes of action against parties including Freedom Mortgage, and the entity to become Xpanse;[9] and (b) accept as his sole remedy certain post-termination "severance benefits" such as (1) a single lump sum payment of his yearly

[9] Mewawalla admits in Paragraph 255 of his Complaint that he executed the General Release.

salary and a discretionary bonus equal to his yearly salary; (2) any discretionary bonus owed for the preceding "Performance Year"; (3) continued COBRA benefits for twelve months following termination; and (4) a prorated discretionary bonus for the Performance Year in which the termination occurred (the "Severance Benefits").

21. Attached as Exhibit A to the Employment Agreement was a draft of a potential employment agreement between Mewawalla and FTC containing substantially similar terms to the Employment Agreement. This included similar with and without Cause termination provisions as well as the same General Release and Severance Benefits provisions.

**Mewawalla is Terminated for Cause**

22. Soon after he began, it became clear that Mewawalla was either unqualified or unwilling to perform his job duties and responsibilities. For example, Mewawalla refused to take any lead role on any project, opting to delegate his responsibilities to others but to later take credit for what others achieved. Mewawalla also refused to learn the details of metrics of Freedom Mortgage's business. As an example, while at executive and investor meetings, Mewawalla could not provide basic metrics on something as simple as how many employees Xpanse had (information that is critical for a startup technology business).

23. Mewawalla also failed to maintain reliable budget forecasts and strategically concealed information. He continually had to revise expected costs upward, often *tens of millions of dollars* above the original forecast. He would then attempt to conceal these revisions, dropping the increased forecasts on his colleagues and investors with no warning or explanation, harming Counterclaimants' respective reputations with their investors.

24. Further, Mewawalla failed to build and maintain any of the necessary relationships with industry partners, customers, or even his colleagues needed to establish Xpanse. These relationships are important to a new technology company, requiring any leader to be front and center with his investors and customers to establish the new business. Yet, either because he was arrogant, incapable, or apathetic, Mewawalla refused to be front and center. He avoided hard conversations with customers, investors, and overseers. In some instances, Mewawalla failed to attend customer meetings (even though he was scheduled to attend) and, for the meetings he did attend, he failed to

engage with any of the customers, leaving his subordinates to handle the meeting and saying nothing more than "hello" and "goodbye." He further flatly refused one-on-one personal meetings with investors and colleagues, instead lumping these meetings into general large group sessions seemingly so that he could hide in the background.

25. Mewawalla's conduct was destroying Freedom Mortgage and, by extension, Xpanse's internal organization, resulting in employees leaving the companies. It eventually became apparent to Counterclaimants that Mewawalla was failing to lead Freedom Mortgage and would not be a good fit for either Freedom Mortgage moving forward, or at all with Xpanse. Mewawalla was also becoming vindictive and creating a toxic work environment.

26. Indeed, due to Mewawalla's failures at leadership, employees had a substantially negative view of the workplace. For instance, employees complained that Mewawalla had:

a. No leadership, no communication, and no clear vision/execution;

b. No alignment, structure, or direction;

c. Built no trust;

d. Zero leadership;

e. No knowledge of the business; and

f. Been constantly berating employees.

27. Employees began leaving, including those tasked with hiring new employees for Xpanse. Those that resigned described Mewawalla's leadership as "toxic," and had no qualms about broadcasting the troubles Mewawalla was causing to others outside of Counterclaimants and in the industry. One former employee noted that Mewawalla was the "worst executive and human [he/she] has ever worked for."

28. Counterclaimants attempted to seek further input from Mewawalla's colleagues and employees in an attempt to correct the issues the surveys were showing. However, Mewawalla blocked further employee surveys, blocked any restructuring of the organizations, and refused to accept any accountability for the problems he was causing.

29. These issues, and others, were only growing while Mewawalla was employed with Freedom Mortgage, and were becoming more known throughout the industry, particularly because

the former employees' recruiters had deep connections and respect in the industry. This harmed Xpanse's reputation with its potential customers and investors, and its ability to recruit skilled employees, endangering its business before it had a real chance to get off the ground.

30. Freedom Mortgage became only more concerned of Mewawalla's integrity after it discovered he had significantly embellished his credentials on his resume, including his claim that he led his prior company to 30x revenue growth across a $1BN+ portfolio, which Freedom Mortgage later discovered was simply not true as the prior company had a mere $104,000 in sales for 2020. This self-aggrandizement became even more evident the longer he was with Freedom Mortgage because Mewawalla was not up to the tasks and responsibilities Freedom Mortgage required of him.

31. The above examples led Freedom Mortgage with no other option than to terminate Mewawalla's employment pursuant to the very terms of the Employment Agreement that Mewawalla and his counsel at DLA Piper LLP negotiated. On or about January 22, 2021, Freedom Mortgage terminated Mewawalla for Cause under the Employment Agreement. This suit followed.

## <u>FIRST CAUSE OF ACTION</u>

### (Breach of Written Contract)

32. Counterclaimants incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

33. As alleged above, Freedom Mortgage and Mewawalla are parties to the written Employment Agreement.

34. Freedom Mortgage has performed all conditions, covenants, and promises required by it on its part to be performed in accordance with the terms and conditions of the Employment Agreement, except those obligations that Freedom Mortgage was prevented or excused from performing.

35. Mewawalla breached the Employment Agreement by, among other things:

a. Failing to perform and carry out his duties and responsibilities pursuant to Section 3 of the Employment Agreement;

b. Failing to repay the pro rata share of his Signing Bonus pursuant to Section 5(b) of the Employment Agreement following his termination for Cause; and

c. Failing to acknowledge the Termination and the Effect of Termination provisions found in Section 8 of the Employment Agreement.

36. Each, some, or all of the above breaches of the Employment Agreement by Mewawalla were a substantial factor in causing injury to Freedom Mortgage, and none of these breaches were excused. To the extent that Mewawalla caused Freedom Mortgage any non-monetary harm, Freedom Mortgage is entitled to specific performance, declaratory relief, and/or injunctive relief.

37. As such, Freedom Mortgage has suffered monetary and non-monetary damages legally caused by Mewawalla's breaches of the Employment Agreement in the nature and amount to be proven at trial.

38. To the extent that Mewawalla contends that the unsigned, written employment agreement between himself and Xpanse is enforceable, which it is not, and so establishes his contention, Xpanse incorporates by reference each and every allegation set forth in Paragraphs 33-37 as though fully set forth herein and pleads that Mewawalla is in breach of that unsigned, written employment agreement for the same reasons as set forth above and, further, that Xpanse is entitled to the same relief as set forth above.

**SECOND CAUSE OF ACTION**

**(Breach of Fiduciary Duty)**

39. Counterclaimants incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

40. As an officer of Freedom Mortgage, Mewawalla owed fiduciary duties to Freedom Mortgage of loyalty and care. Specifically, Mewawalla owed a duty of placing Freedom Mortgage's interests above those of his personal interest, as well as to refrain from engaging in grossly negligent, reckless, or intentional misconduct.

/ / /

/ / /

/ / /

/ / /

41. By engaging in the conduct alleged above, including abusing, berating, and otherwise creating a toxic work environment, Mewawalla breached his fiduciary duties owed to Freedom Mortgage.

42. As a direct and proximate result of Mewawalla's breach of fiduciary duties, Freedom Mortgage has suffered damages to be proven at trial.

43. The conduct of Mewawalla was and is intentional and undertaken with malice, fraud, and oppression. As a consequence of Mewawalla's conduct, Freedom Mortgage is entitled to an award of punitive or exemplary damages against Mewawalla.

44. To the extent that Mewawalla contends that he had an employment relationship with Xpanse, which he did not, and so establishes his contention, Xpanse incorporates by reference each and every allegation set forth in Paragraphs 40-43 as though fully set forth herein and pleads that Mewawalla is in breach of his fiduciary duty owed to Xpanse for the same reasons as set forth above and, further, that Xpanse is entitled to the same relief as set forth above.

**THIRD CAUSE OF ACTION**

**(Declaratory Relief)**

45. Counterclaimants incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

46. As alleged above, Freedom Mortgage and Mewawalla were parties to a written Employment Agreement.

47. Mewawalla further contends he was an employee of Xpanse and/or that there was an enforceable employment contract between Xpanse and Mewawalla, despite Mewawalla and Xpanse never executing an employment agreement and, further, despite the fact that the condition precedent for Mewawalla to become an Xpanse employee was never satisfied. Counterclaimants deny these contentions.

48. The signed Employment Agreement between Freedom Mortgage and Mewawalla and the unsigned employment agreement between Xpanse and Mewawalla each provides that in the event that Mewawalla is terminated without Cause, Mewawalla must execute a General Release and receive (as his sole remedy) the Severance Benefits.

49. While the issue of whether Mewawalla was terminated with or without Cause remains to be adjudicated as does the issue of whether Mewawalla was ever an employee of Xpanse (which he was not), a present and justiciable controversy exists among the parties regarding Mewawalla's remedy in the event that he prevails in this action. Counterclaimants believe that even if Mewawalla were to prevail on his claims in this action and establish that he was terminated without Cause, then at best, he is contractually bound by (or otherwise estopped from denying the effects of) the General Release and his sole remedy is contractually limited to the Severance Benefits, or portions thereof, or none at all.[10] Mewawalla admits in Paragraph 255 of his Complaint that he executed the General Release.

50. Counterclaimants are informed and believe and thereupon allege, however, that while Mewawalla executed the General Release, he believes that he should not be estopped from the effect of the General Release, nor that his remedy is contractually limited to the Severance Benefits even if he were to establish that he was terminated without Cause.

51. Counterclaimants seek a judicial declaration that should Mewawalla prevail and establish that he was terminated without Cause, either by Freedom Mortgage or Xpanse, his sole and exclusive remedy is to the Severance Benefits, or portions thereof, or none at all.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants respectfully request that this Court enter judgment in its favor as follows:

1. For damages, according to proof;
2. For specific performance;
3. For injunctive relief;
4. For punitive and exemplary damages;
5. For declaratory relief;
6. For an award of costs and attorneys' fees where allowable by statute, contract, or otherwise;

[10] Mewawalla would be entitled to no contractual benefits, for example, if he were to establish that he *was* an Xpanse employee but that there was no enforceable agreement between him and Xpanse that would entitle him to any benefit at all. In such a case, he would be bound by the General Release.

7. For pre-judgment and post-judgment interest; and

8. For such other and further relief as the Court deems just and proper.

DATED: May 16, 2022

BLANK ROME LLP

By: */s/ Arash Beral*

Arash Beral
Caroline P. Donelan
Craig N. Haring

Attorneys for Defendants and Counterclaimants FREEDOM MORTGAGE CORPORATION and XPANSE, LLC, and Defendants STANLEY C. MIDDLEMAN, MICHAEL B. MIDDLEMAN, and GREGORY E. MIDDLEMAN

**DEMAND FOR TRIAL BY JURY**

Defendants and Counterclaimants hereby demand a trial by jury.

DATED: May 16, 2022

BLANK ROME LLP

By: */s/ Arash Beral*
Arash Beral
Caroline P. Donelan
Craig N. Haring
Attorneys for Defendants and Counterclaimants FREEDOM MORTGAGE CORPORATION and XPANSE, LLC, and Defendants STANLEY C. MIDDLEMAN, MICHAEL B. MIDDLEMAN, and GREGORY E. MIDDLEMAN