OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL MINUTES

**Date:** July 15, 2022     **Time:** 10:24-10:55     **Judge:** EDWARD M. CHEN
31 Minutes

**Case No.:** 21-cv-09700-EMC     **Case Name:** Mewawalla v. Middleman

**Attorney for Plaintiff:** Patrick Kitchin
**Attorneys for Defendant:** Arash Beral and Craig Haring

**Deputy Clerk:** Vicky Ayala     **Court Reporter:** Belle Ball

PROCEEDINGS

Motion to Dismiss - held

SUMMARY

Parties stated appearances.

    Mewawalla filed this lawsuit against Freedom Mortgage and Xpanse ("Defendants"), alleging breach of an employment agreement, among other claims. Defendants counterclaimed, alleging breach of the same employment agreement and breach of fiduciary duties. According to Defendants, there was no enforceable contract with Xpanse, but even if there was such a contract, Mewawalla breached it first.

    Mewawalla seeks to dismiss Defendants' counterclaims on ripeness and Article III standing grounds because Defendants merely allege that Xpanse *might* be determined to have been a party to a contract. Docket No. 22 at 8. However, this argument fails because Defendants' allegations are permissible as alternative theories; Defendants can properly assert that there was no binding contract but if there were, it was Mewawalla, not Xpanse, who breached the contract. *See Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999) ("A party may plead alternative theories of liability, even if those theories are inconsistent or independently sufficient."). Mewawalla next argues that the Court lacks subject matter jurisdiction regarding Defendants' claim for declaratory relief (that his sole remedy is severance benefits under a General Release of claims) because the employment agreement does not in fact require him to sign such a document. However, this is an argument on the merits rather than a jurisdictional issue. As such, Mewawalla's argument that the Court lacks subject matter jurisdiction to hear Defendants' claims also fail.

    On the merits, Defendants have sufficiently stated a claim for breach of contract by alleging (a) the existence of the employment agreement as an alternate theory, (b) Defendants'

performance except those excused by Mewawalla's breach, (c) Mewawalla's breach by failing to perform his duties and repay his signing bonus under the employment agreement, and (d) damages under the contract, such as payment under the contract and other possible non-monetary damages. *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011); Docket No. 20 at 48-49. Defendants have also sufficiently stated a claim of declaratory relief by alleging that a General Release is required under the employment agreement.

However, the Court finds that Defendants have not stated a claim of breach of fiduciary duty. Defendants' claim is premised on (1) Mewawalla's alleged fraudulent inducement of the employment agreement by lying on his resume and (2) his lack of care in management and abuse of power with regard to his employees. Although Mewawalla became a fiduciary upon obtaining managerial authority at Freedom Mortgage (and Xpanse), the alleged fraudulent act occurred prior to obtaining his duty. The alleged mismanagement of his employees does not rise to the level of a breach of fiduciary duty.

As such, the Court **DENIES** Mewawalla's motion to dismiss Defendants' claims of breach of contract and declaratory relief. The Court **GRANTS** Mewawalla's motion to dismiss Defendants' claim of breach of fiduciary duty with leave to amend within thirty (30) days of this order.