UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHUL MEWAWALLA,<br><br>    Plaintiff,<br><br>    v.<br><br>STANLEY C. MIDDLEMAN, et al.,<br><br>    Defendants. | Case No. 21-cv-09700-EMC<br><br>**ORDER COMPELLING PLAINTIFF'S PRODUCTION OF COMMON INTEREST AGREEMENT**<br><br>Docket No. 64 |

    Parties dispute whether Plaintiff Rahul Mewawalla ("Plaintiff") is obligated to produce a written "common interest agreement" between himself and Timothy Beard to Defendants Stanley Middleman, Michael Middleman, Gregory Middleman, Freedom Mortgage Corporation, and Xpanse, LLC ("Defendants"). Docket No. 62 ("Disc. Letter"). In compliance with the Court's order, Plaintiff has filed the Common Interest Agreement provisionally under seal for the Court's *in camera* evaluation. Docket No. 64.

    The Court has reviewed the Common Interest Agreement *in camera*. It generally recites Plaintiff's and Mr. Beard's invocation of common legal interests and factual issues, sets forth general terms of sharing information and waiving any conflict of interest, and memorializes the parties to the agreement. *Id.* Plaintiff generally asserts that the Common Interest Agreement contains communications between Plaintiff and Mr. Beard that are subject to the attorney-client privilege and the attorney work product doctrine but does not specify what communications he believes are privileged. *Id.* at 1.

    The Ninth Circuit has long recognized the joint defense privilege. *Waller v. Fin. Corp. of America*, 828 F.2d 579, 583 n.7 (9th Cir .1987) (citing *Hunydee v. United States*, 355 F.2d 183

1  (9th Cir. 1965); *Continental Oil Co. v. United States*, 330 F.2d 347 (9th Cir. 1964)).  Under the
2  joint defense privilege, "communications by a client to his own lawyer remain privileged when the
3  lawyer subsequently shares them with co-defendants for purposes of a common defense.'" *Id.*
4  (internal citations omitted).  But "'[j]oint defense agreements are generally not privileged.  They
5  serve only to formalize the invocation of the joint defense or common interest.'" *U.S.A. v. Omidi*,
6  No. CR 17-661(A)-DMG, 2020 WL 6600172, at *2 (C.D. Cal. Aug. 12, 2020) (citing *Pac. Coast
7  Steel v. Leany*, No. 2:09-CV-02190-KJD, 2011 WL 4572008, at *3 (D. Nev. Sept. 30, 2011)); *see
8  also United States v. Stepney*, 246 F. Supp. 2d 1069, 1079–80 (N.D. Cal. 2003) ("Joint defense
9  agreements are not contracts which create whatever rights the signatories chose, but are written
10 notice of defendants' invocation of privileges set forth in common law.  Joint defense agreements
11 therefore cannot extend greater protections than the legal privileges on which they rest.").  While
12 it is true that one party to a joint defense agreement cannot unilaterally waive privilege for other
13 holders, *United States v. Gonzalez*, 669 F.3d 974, 982 (9th Cir. 2012), a general agreement is not
14 privileged without additional "substantive legal advice that might render it privileged," *Omidi*,
15 2020 WL 6600172, at *2.  Indeed, "the joint defense or common interest rule presupposes the
16 existence of an otherwise valid privilege." *In re Grand Jury Subpoenas, 89-3 & 89-4, John Doe
17 89-129*, 902 F.2d 244, 249 (4th Cir. 1990).
18         Upon review, the Common Interest Agreement here does not contain substantive legal
19 advice or additional information that can be construed as privileged.  The entirety of the agreement
20 concerns only the "general purpose" of recognizing that Plaintiff and Mr. Beard have a common
21 legal interest.  *See, e.g.*, *United States v. Bauer*, 132 F.3d 504, 509 (9th Cir. 1997) (holding that
22 attorney-client communications regarding "the identity of the client, the amount of the fee, the
23 identification of payment by case file name, the general purpose of the work performed, and
24 whether an attorney coached a client on his testimony" were not privileged); *but see Clarke v. Am.
25 Com. Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (holding that attorney-client communications
26 regarding "correspondence, bills, ledgers, statements, and time records which also reveal the
27 motive of the client in seeking representation, litigation strategy, or the specific nature of the
28 services provided, such as researching particular areas of law" are privileged).

Plaintiff argues that he has already disclosed the only relevant facts pertaining to the agreement: the identities of the parties to the agreement (Plaintiff and Mr. Beard) and the date it was executed by counsel (May 19, 2021). Docket No. 64 at 2. But prior disclosure does not relieve Plaintiff of the obligation to produce the agreement—indeed, it heightens the argument that the contents of the agreement can and should be produced. "The burden of establishing that the attorney-client privilege applies to the documents in question rests with the party asserting the privilege." *Clarke*, 974 F.2d at 129. Plaintiff has not met that burden in its briefing. *See* Docket No. 64.

Accordingly, the Court **GRANTS** Defendant's request to obtain a copy of the Common Interest Agreement and **DIRECTS** the Clerk to **UNSEAL** the copy of the agreement filed provisionally under seal such that the document is available to both parties.

This order disposes of Docket No. 64.

**IT IS SO ORDERED**.

Dated: March 20, 2023

EDWARD M. CHEN
United States District Judge