UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHUL MEWAWALLA,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY C. MIDDLEMAN, et al.,<br><br>Defendants. | Case No. 21-cv-09700-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ISSUANCE OF LETTERS ROGATORY**<br><br>Docket Nos. 65, 69 |

Defendants Stanley Middleman, et al. ("Defendants") filed a Motion for Issuance of Letters Rogatory (Docket No. 65), including an attached Letter of Request for International Judicial Assistance Pursuant to Hague Convention (Docket No. 66 Exh. 1). Defendants also filed an Administrative Motion to Shorten Time to Hear Motion for Issuance of Request for International Judicial Assistance (Docket No. 69) to move the hearing date from April 20, 2023, to March 30, 2023.

The Hague Convention governs the taking of evidence abroad, of which both US and the Germany are signatories. A deposition may be taken in a foreign country (1) under an applicable treaty or convention; (2) under a letter of request; (3) on notice, before a person authorized to administer oaths in the place where the examination is held, either by the law or by the law of the United States, or (4) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony. Fed. R. Civ. P. 28(b). "Application for a letter rogatory 'to take testimony pursuant to the Hague Convention is an appropriate mechanism for obtaining discovery of a non-party witness in a foreign country.'" *S.E.C. v. Leslie*, No. C 07-03444 JF (PVT), 2009 WL 688836, at *3 (N.D. Cal. Mar. 16, 2009). A court has the inherent authority to issue a letter rogatory. 28 U.S.C. §

United States District Court
Northern District of California

1781.  "A letter rogatory may be transmitted directly by a United States court to the foreign tribunal to whom it is addressed."  *Leslie*, 2009 WL 688836, at *2 (cleaned up).

A Letter of Request is warranted for Defendants to obtain relevant information in this proceeding.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b).  The opposing party must show good reason for a court to deny an application for a letter rogatory.  *Leslie*, 2009 WL 688836, at *3.  As Plaintiff Rahul Mewawalla ("Plaintiff") seeks $19.2 million in lost wage damages for turning down an alleged CEO or consultant position with the real estate company Engels & Volkers ("E&V") in Hamburg, Germany in favor of working for Freedom Mortgage, it is likely that E&V employees and Plaintiff's Grundwerk Legal representative will have relevant information as to the value of P's E&V contract, the status of whether the employment contract was "signature-ready," and whether E&V later retracted the offer.  The submitted Letter of Request narrowly requests testimony of witnesses with knowledge of the employment discussions with Plaintiff.

As for timing, this Court recognizes that the seven days between the scheduled hearing date of April 20, 2023, and the deadline of fact discovery on April 27, 2023, is a short window for Defendants to schedule and conduct all the requested depositions abroad.  Accordingly, the Court considers and decides this motion on the briefing.  Although Plaintiff has not yet submitted their opposition briefing, the Court is not persuaded that there are any good reasons to delay or to prevent Defendants from obtaining clearly relevant testimony from the German witnesses.

The Court thus **GRANTS** Defendants' Motion to Issue the Letter of Request and instructs the Clerk of Court to **ISSUE** the Letter of Request for the oral testimony of corporate representatives from the German companies (1) Engel Volkers AG, (2) EV Digital GMbH, and (3) Grundwerk Legal accordingly.

This order disposes of Docket Nos. 65 and 69.

**IT IS SO ORDERED**.

Dated: March 20, 2023

_____
EDWARD M. CHEN
United States District Judge