UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHUL MEWAWALLA,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY C. MIDDLEMAN, et al.,<br><br>Defendants. | Case No. 21-cv-09700-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY AND FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Docket No. 125 |

During discovery, Plaintiff Rahul Mewawalla moved to compel the production of several categories of financial documents from Defendants Stanley Middleman and Freedom Mortgage Corporation. Docket Nos. 110, 111. Magistrate Judge Kim granted in part the motion, ordering:

- Mr. Middleman to produce his federal and state tax returns from 2020 (RFP No. 46); bank or financial accounts from January 1, 2020 to present (RFP No. 51); all documents relating to any investments from January 1, 2020 to present (RFP No. 52); and all documents reflecting any outstanding debts or liabilities (RFP No. 56), and

- Freedom to produce: (1) income statements, cash flow statements, profit and loss statements, balance sheets, and monthly/quarterly/yearly financial projections from January 1, 2018 to present (RFP No. 165); (2) documents reflecting costs, revenues, income, gross profits, and net profits from January 1, 2018 to present (RFP No. 166); (3) all bank statements from January 1, 2018 to present (RFP No. 167); (4) all federal and state tax returns from 2018 to 2022 (RFP No. 168); (5) documents sufficient to show outstanding debts or liabilities (RFP No. 169); and

1  (6) documents sufficient to show the intellectual property and computer software
2  and equipment Freedom owned or licensed to Xpanse (RFP No. 177).
3  Docket No. 115.  Production is due by July 13, 2023.  Defendants sought a stay.  Docket No. 118.
4  Judge Kim denied the motion for a stay.  Docket No. 121.

5  Now, Defendants seek partial relief from Judge Kim's discovery order and a stay of that
6  order.  Docket No. 125.  Defendants agreed to produce "monthly financial statements from 2018
7  through 2023 as well as documentation of its intellectual property" but object to producing
8  Freedom's and Mr. Middleman's federal and state tax returns from 2020 and investment and bank
9  account documents.  *Id.* at 1–2.

10  The Court reviews a magistrate judge's discovery order for abuse of discretion.  *See* Fed.
11  R. Civ. Proc. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is
12  referred to a magistrate judge to hear and decide . . . [t]he district judge in the case must consider
13  timely objections and modify or set aside any part of the order that is clearly erroneous or is
14  contrary to law.").  Judge Kim's decision is not clearly erroneous or contrary to law.  Judge Kim
15  reasoned that Freedom's financial status "is relevant to the claim for damages because Plaintiff
16  was allegedly promised compensation in the form of a 5% equity interest in Defendant Xpanse,
17  after Defendant Freedom Mortgage Corporation transferred assets to it. The only way that Plaintiff
18  can assess the value is to obtain information regarding the assets of Defendant Freedom Mortgage
19  Corporation."  Docket No. 115 at 3.  Moreover, Freedom allegedly represented that it would
20  contribute $140 to $150 million annually to Xpanse and significant assets to Xpanse.  Docket No.
21  1 ¶ 17 ("Defendant Stanley Middleman promised Plaintiff that Freedom Mortgage Corporation
22  would contribute about $140-$150 million in annual revenue recurring run rate to the new
23  technology company . . .").  Substantial evidence in the record supports the conclusion that
24  Freedom's financial status would influence the valuation of Xpanse, including the promised
25  contribution of $140-$150 million per year along with the transfer of substantial valuable
26  intellectual property, all the significant technology assets owned by Freedom, and large numbers
27  of valuable technologies from Freedom related to the development of the technology (including
28  engineers and developers) to the new company.  *See id.*  Hence, Freedom's financial health and

strength are relevant.

Judge Kim also reasoned that Mr. Middleman's financial information is relevant to punitive damages as well. Docket No. 115 at 3. Although Defendants contend that discovery into a defendant's net worth should be delayed until punitive damages "are truly in play," Docket No. 125 at 3, Judge Kim did not clearly err by declining to defer discovery until a later date, particularly if the financial information is produced under a protective order. The Court "has broad discretion to dictate the sequence of discovery" and "[d]istrict courts in [the Ninth Circuit] and other circuits routinely allow discovery of information relating to a defendant's financial condition in advance of trial without requiring a special showing." *Schmitz v. Asman*, No. 220CV00195DJCCKDPS, 2023 WL 3224474, at *2 (E.D. Cal. May 3, 2023); *see also Charles O. Bradley Tr. v. Zenith Cap. LLC*, No. C-04-2239 JSW(EMC), 2005 WL 1030218, at *3 (N.D. Cal. May 3, 2005) ("While some federal courts have required a prima facie showing, the majority have not."). Although Mr. Middleman offered to stipulate to his net worth, Docket No. 111 at 8 n.6, Docket No. 125 at 4, neither Mr. Mewawalla nor Judge Kim was obligated to accept that proposal in lieu of the financial documents themselves.

Thus, the Court **DENIES** Defendants' motion for relief from Judge Kim's June 29, 2023 discovery order. Defendants must produce Freedom's and Mr. Middleman's federal and state tax returns from 2020 onwards and investment and bank account documents from 2020 onwards, but they need not produce any other documents related to net worth. Such disclosure will be subject to the protective order already in place. *See* Docket No. 44. Accordingly, the Court also **DENIES** as moot Defendants' motion for a stay.

This order disposes of Docket No. 125.

**IT IS SO ORDERED**.

Dated: July 14, 2023

_____
EDWARD M. CHEN
United States District Judge

3