# OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT

## Northern District of California

### CIVIL MINUTES

**Date:** February 1, 2024 **Time:** 2:32-3:08 36 Minutes **Judge:** EDWARD M. CHEN

**Case No.**: 21-cv-09700-EMC **Case Name:** Mewawalla v. Middleman

**Attorneys for Plaintiff:** Oliver Rocos, Miri Gold
**Attorney for Defendant:** Paul Gaffney

**Deputy Clerk:** Vicky Ayala **Court Reporter:** Rhonda Aquilina

### PROCEEDINGS HELD VIA ZOOM WEBINAR

Motion for Leave to Amend- held.

### SUMMARY

Parties stated their appearances.

The Court evaluated Plaintiff's motion for leave to amend under both FRCP 15(a) examining for unjust delay and prejudice and FRCP 16(b) examining "good cause" given that amendment, if permitted would undoubtedly entail additional motion for summary judgment past the MSJ deadlines previously set. *See In re Apple iPhone Antitrust Litigation*, 2021 WL 5181862, *3 (N.D. Cal. 2021) ("us[ing] concepts underlying both FRCP 15 and 16 to evaluate the request.").

Under FRCP 15(a), permitting amendment would cause undue delay given that the case is more than two years old and is in the final stages of litigation. Pretrial deadlines including that for discovery and summary judgment have long passed, and the Court has already completed full adjudication of the summary judgment motion. Plaintiff knew or should have known to plead the Washington state law claims earlier in the case; his amendment now is not justified by *e.g.* recently discovered facts or a legal argument he could not have timely asserted earlier.

Second, prejudice to the Defendant is clear. This Court and the Defendant already went through a full round of summary judgment, and discovery has closed. If Plaintiff was permitted to amend, Defendants would be entitled to do limited discovery based on the factual allegations Plaintiff added to its proposed first amended complaint and would be entitled to bring another summary judgment motion. Reopening discovery and spawning another round of summary judgment briefing after a complete round and ruling would unduly prejudice the Defendants. *See Design Data Corp.*, 2014 WL 4477244, *aff'd*, 847 F.3d 1168; *In re Western State Wholesale*, 715 F.3d 716 (9th Cir. 2013); *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200 (9th Cir. 1991); *Rynn v. First Transit, Inc.*, 2022 WL 17176487 (9th Cir. 2022), *denying cert.* 144 S.Ct. 330 (2023). It will also delay setting a trial date in this matter.

Therefore, Plaintiff's motion to amend his complaint is **DENIED**.

The Court and the parties discussed the schedule going forward. The parties agreed that a trial in this case would likely be one-week as opposed to two-weeks. The parties agreed to meet and confer to discuss the possibility of private mediation, court-sponsored meditation, or a settlement conference with a Magistrate Judge. The parties agreed to report back to the Court within one week—by Thursday, February 8, 2024—via a letter to the Court's Deputy Clerk regarding their preference for ADR and for a trial date that would be mutually workable.

CASE CONTINUED TO: **2/27/2024, at 2:30 PM for a Status Conference.** Joint case management statement **due by 2/20/2024.**