UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHUL MEWAWALLA,<br><br>    Plaintiff,<br><br>v.<br><br>STANLEY C. MIDDLEMAN, et al.,<br><br>    Defendants. | Case No. 21-cv-09700-EMC<br><br>**ORDER ON REVISING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |

The parties have filed several administrative motions to file under seal. *See* Docket Nos. 131, 132, 135, and 137. In general, the parties' proposals are far too broad. *See* L.R 79-5(f)(6) ("overly broad requests to seal may result in the denial of the motion").

Motions for an order concerning administrative relief "must set forth specifically … the reasons supporting the motion." L.R. 7-11(a). Pursuant to the local rules, a motion to file under seal must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." L.R. 79-5(c) (emphasis in original). For dispositive motions and judicial records attached to a dispositive motion, a party seeking to seal a document "must 'articulate *compelling* reasons supported by specific factual findings" to warrant redacting. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (emphasis added).[1] Information may be sealed only if it represents confidential "business information that might harm a litigant's competitive standing" or a "trade secret[]." *In re*

---

[1] For non-dispositive motions there is a "good cause" standard. *Kamakana*, 447 F.3d at 1180.

*Electronic Arts, Inc.*, 298 Fed.Appx. 568, 569 (9th Cir. 2008).  However, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."  *Kamakana*, 447 F.3d at 1184.

      Here, for example, Defendants moved to seal eight entire exhibits to its motion for summary judgment.  *See* Docket No. 132; *see also* L.R. 79-5(a) ("A party must … minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)").  Redactions must be "narrowly tailored."  *Id.*  Defendants provided only general reasons for sealing these exhibits, some of which include key depositions and internal emails.  For example, in Exhibit II, it states "Xpanse leadership will propose a one-time funding proposal to be presented to the Board of Directors of Xpanse ("Board") by the end of Q1 2021 to cover Xpanse operations for any amounts required above and beyond the funding amounts in items 1-3 described above."  Since there are no figures or amounts stated, it is difficult to see how this constitutes either confidential business information or a trade secret.  Defendants state that this is confidential "forecasting, business planning, budgeting, funding and liquidity" which is vague and does not meet the "compelling reasons" standard.  As another example, in Exhibit JJ, internal communications indicate that one Defendant stated "getting a little concerned about Rahul just want to tell you about some of it and see what you think" and another Defendant replied "sounds good we just need to make sure we have the right controls and reporting in place and can drive accountability."  The fact that this exchange puts Defendants in an unfavorable light does not satisfy the "compelling reasons" standard.  The proposed redactions are far from being narrowly tailored.

      Thus, for Docket Nos. 131, 132, 135, and 137, the moving party must re-submit their compliant administrative motions to file under seal by **Friday, June 7, 2024**.  The parties must narrow their requests for redactions and provide declarations establishing why each redaction is within the meaning of the local rule.  Failure to comply with this order may result in complete denial of the motion.

      **IT IS SO ORDERED**.

Dated: May 31, 2024

_____
EDWARD M. CHEN
United States District Judge