UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHUL MEWAWALLA,<br><br>Plaintiffs,<br><br>v.<br><br>STANLEY C. MIDDLEMAN, et al.,<br><br>Defendants. | Case No.  21-cv-09700-EMC<br><br>**ORDER ON THE PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Docket Nos. 187, 188, 189 |

The parties had filed several administrative motions to file under seal.  *See* Docket Nos. 131, 132, 135, and 137.  The Court ordered the parties to re-file their administrative motions to file under seal, narrowing and clarifying their requests pursuant to L.R. 79-5 and *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  *See* Docket No. 186.

The Court grants several of the parties' requests to file documents under seal.  The Court does so without prejudice as to how these documents will be handled if this case proceeds to trial.  Redactions must be "narrowly tailored."  L.R. 79-5(a).  The parties should be on-notice that, for dispositive motions, such as Motions for Summary Judgment, a party seeking to seal a document "must 'articulate *compelling* reasons supported by specific factual findings" to warrant redacting.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (emphasis added).  "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."  *Id.* at 1184.  Notwithstanding the Court's serious doubts about whether some of these documents warrant sealing, the Court orders sealing in the interim as set forth below:

| Document | Identification of Portions to be Sealed | Granted/Denied |
|---|---|---|
| Defendant's Partial Motion | 8:8-12 (pursuant to Docket | Grant (i.e. document to |

| | | |
|---|---|---|
| for Summary Judgement | No. 132) | remain under seal for now) |
| Defendant's Partial Motion for Summary Judgement | 3:3-21<br>6:18-24<br>7:9-12<br>8:4-5<br>8:22-9:1.<br>14:26-27.<br>15:9-10<br>20:10-12.<br>21:6-7<br>24-18:21<br>24:25-28 | Deny |
| Ex. FF to Docket No. 131 | Xpanse's valuation of income on page 14 (the dollar figure in the final line of paragraph 45), 15 (the dollar figure in the first line of paragraph 47), and 17 (all dollar figures in paragraph 53). | Grant |
| Ex. F to Docket No. 131 | In its entirety. | Grant |
| Ex. CC to Docket No. 132 | 10:12 | Grant |
| Ex. DD to Docket No. 132 | Redact the specific figures listed in the email related to "Xpanse 2021 Net Income," "Revenue from Freedom orders currently on Keystone," "Licensing Fees," and "Adjusted Net Income." | Grant |
| Ex. II to Docket No. 132 | In its entirety. | Grant |
| Ex. U to Docket No. 132 | In its entirety. | Grant |
| MSJ Opp. Ex. 31 to Docket No. 137 | Redact the specific figures listed related to Xpanse 2021 Net Income, Revenue from Freedom orders currently on Keystone, Licensing Fees, and Adjusted Net Income | Grant |
| MSJ Opp. Ex. 50 | Redact the "conclusion" section to the extent it provides a specific estimate value of Xpanse | Grant |
| MSJ Opp. Ex. 21 | In its entirety. | Grant |
| MSJ Opp. Ex 31 | In its entirety. | Grant |
| MSJ Opp. Ex 33 | Redacted portions as shown in Docket No. 137. | Grant |
| MSJ Opp. 44 | In its entirety. | Grant |
| MSJ Opp. 49 | In its entirety. | Grant |
| MSJ Opp. 50 | In its entirety. | Grant |

| MSJ Opp. 51 | In its entirety. | Grant |
| MSJ Opp. 52 | In its entirety. | Grant |
| MSJ Opp. 8-12 | In its entirety. | Grant |
| MSJ Opp. 14-18 | In its entirety. | Grant |
| MSJ Opp. 19 | In its entirety | Deny |
| MSJ Opp. 20 | In its entirety | Deny |

The parties agreed to unseal several exhibits. Pursuant to the parties stipulation, the following documents shall be publicly filed. For Docket No. 131, the parties agreed to publicly file: Exs. AA and A. For Docket No. 132, the parties agreed to publicly file: Exs. JJ, PP, and T. *See* Docket No. 187. For Docket No. 137, the parties agreed to publicly file: MSJ Oppn Exs: 37, 38, 43, and 47. *See* Docket No. 192 at 2.

For Docket No. 131, the parties eliminated pages that are not cited or relied on in several exhibits and then agreed to file those exhibits publicly. The Court agrees and thus grants. For Docket No. 131, those exhibits are: Exs. O, B, and S. *See* Docket Nos. 131, 188. For Docket No. 132, the exhibit is: Ex. EE.

The parties have agreed the declaration of Mr. Mewawalla in support of plaintiffs opposition to defendant's motion for partial summary judgment be redacted with respect to Xpanse's valuation. *See* Docket No. 191. The Court agrees and thus grants.

The parties shall file publicly redacted versions of these documents, consistent with the Court's rulings above, within three court days.

This Order disposes of Docket Nos. 131, 132, 135, 137, 187, 188, and 189.

**IT IS SO ORDERED**.

Dated: June 25, 2024

_____
EDWARD M. CHEN
United States District Judge

3