Ekwan E. Rhow (SBN 174604)
erhow@birdmarella.com
Oliver Rocos (SBN 319059)
orocos@birdmarella.com
Brandon R. Teachout (SBN 321672)
bteachout@birdmarella.com
BIRD, MARELLA, RHOW, LINCENBERG,
DROOKS, & NESSIM LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 210-2110

*Attorneys for Plaintiff Rahul Mewawalla*

Paul B. Gaffney (SBN 345431)
pgaffney@wc.com
George A. Borden (admitted *pro hac vice*)
gborden@wc.com
Ricardo Leyva (admitted *pro hac vice*)
rleyva@wc.com
Ikenna Ugboaja (admitted *pro hac vice*)
iugboaja@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Telephone:    (202) 434-5000
Facsimile:    (202) 434-5029

Stephen H. Sutro (SBN 172168)
SHSutro@duanemorris.com
Robert J. Nolan (SBN 235738)
rjnolan@duanemorris.com
David A. Goldstein (SBN 319394)
DAGoldstein@duanemorris.com
DUANE MORRIS LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105
Telephone:    415.957.3000
Facsimile:    415.957.3001

*Attorneys for Defendants Stanley C. Middleman, et al.*

**Via ECF**

January 9, 2025

Hon. Edward M. Chen
United States Senior District Judge
San Francisco Courthouse
Courtroom 5, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    Mewawalla v. Middleman, et al., Case No. 21-CV-09700-EMC
       The Parties' Letter Briefs Regarding Admissibility Under the Verbal Acts Doctrine

Dear Judge Chen:

       The parties respectfully submit this joint statement regarding application of the "verbal acts" doctrine to the draft Engel & Volkers ("EV") employment contract Plaintiff proposes to admit at trial.  Trial Ex. 215, 395.

## I.     Defendants' Statement of Supplemental Authorities

Because Mr. Mewawalla would introduce the EV draft to prove the *terms* of EV's purported offer, rather than the *fact* an offer was made, it is hearsay, not a "verbal act."

According to Wright & Miller, "[i]n light of the confusion regarding its precise meaning, it is fortunate that nothing turns on whether an out-of-court statement is labeled a 'verbal act.' The question, as always, is whether the out-of-court statement is offered for its truth."  30B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 6722 (2024 ed.).   In other words, it does not matter whether the EV offer was (or wasn't) a step toward a completed agreement; or a solid offer that *could* have been accepted; or a "soft offer" that that functioned simply as an invitation to negotiate.  Its admissibility turns solely on the use Mr. Mewawalla would make of this evidence.  As Wright & Miller further explain:

> [C]ontract terms can be introduced for the non-hearsay purpose of establishing the parties' contractual obligations, rather than to prove the truth of anything the provisions may assert.  The same can typically be said for legally significant steps in the contractual chain, such as offers, acceptances, and rejections; these out-of-court statements can be shown in evidence not as proof of what they assert ("I will (or won't) buy your house for $90,000"), but rather for the independent, legally-determined effect such statements generate.

*Federal Practice and Procedure* § 6722.

This principle is dispositive.  Mr. Mewawalla does not offer the EV draft to show that its existence generated any "independent, legally-determined effect."  He offers it to demonstrate that E&V would have employed him for a certain amount of money for a certain period of time, i.e., for the truth of the statements in the draft.  The rules of evidence do not permit this.  Presumably this explains why Plaintiff's MIL opposition cited no case admitting hearsay accounts of forgone job offers to support a claim for lost-opportunity damages.

Other cases and secondary sources support this conclusion.  *See Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1087-88 (10th Cir. 2001) (declining to apply the "verbal acts" doctrine to three offer letters that had no non-hearsay purpose absent additional proof they were accepted and a contract formed, which concededly did not occur); *Underberg v. United States*, 362 F.Supp.2d 1278, 1286 (D.N.M. 2005) (in tax refund dispute, unaccepted written offers not admissible as "verbal acts" because "their purpose is to establish the truth of the matter asserted"); *United States v. Ellison*, 2024 WL 5200176, at *1 (9th Cir. 2024) (witness's offer to cooperate with authorities not a "verbal act" because it "did not constitute a legally binding agreement"); *United States v. Dougan*, 839 F. App'x 81, 84 (9th Cir. 2020) (taxpayer's offer to cooperate not a "verbal act" because "its relevance as exculpatory evidence of his mental state would depend on whether the jury accepted the statement in the email . . . as true"); *Mueller v. Abdnor*, 972 F.2d 931, 937 (8th Cir. 1992) (evidence of lost profits based on a contract is not subject to the hearsay rule because such evidence concerns the existence of the contractual terms rather than an assertion of their "truth"); 2 *McCormick on Evid*. § 249 (8th ed. 2022) ("proof of oral utterances by the parties in a contract suit constituting the offer and

1

acceptance which brought the contract into being are not evidence of assertions offered testimonially but rather verbal conduct to which the law attaches duties and liabilities").

Decisions that *do* admit contractual offers as "verbal acts" actually apply the same, consistent rationale—they are admissible non-hearsay precisely because they are not being offered for the truth of the matter asserted. *See Twin City Fire Ins. Co. v. Country Mutual Ins. Co.*, 23 F.3d 1175, 1178 (7th Cir. 1994) (in coverage dispute between primary and excess insurers, admitting offer from a tort plaintiff to settle within policy limits because it *could* have been accepted but wasn't; in those unusual circumstances, the only relevant evidence was that the offer was made, something the recipient's business record established); *United States v. Arteaga*, 117 F.3d 388, 397 n.16 (9th Cir. 1997) (observing in dicta observed that a "statement of a merchant that he is willing to sell 100 pounds of coffee for $300" would be admissible "in an action on the contract [because] the 'truth' of the statement is not at issue"); *Cloverland-Green Spring Dairies, Inc. v. Pennsylvania Milk Mktg. Bd.*, 298 F.3d 201, 218 n.20 (3d Cir. 2002) (offers admissible to prove market conditions in antitrust case).

Finally, even if offers were admissible evidence the out-of-court declarant offered to transact on particular terms, the doctrine has to be limited to *legally operative* or "firm" offers, as opposed to something less than that. Otherwise they could not "affect the legal rights of the parties" and have the required "independent legal significance." *See United States v. Stover*, 329 F.3d 859, 870 (D.C. Cir. 2003). The EV draft plainly does not qualify. It leaves material terms blank or bracketed, including when Mr. Mewawalla would start, whether his role would be CEO or co-CEO, and even which "Company" would actually employ him. It also is unsigned by EV. Trial Ex. 215 at Mewawalla 1459, 1462. *See Restatement (Second) of Contracts § 33(3)* ("The fact that one or more terms of a proposed bargain are left open or uncertain may show that a manifestation of intention is not intended to be understood as an offer or as an acceptance."). The document would have also required a signature from EV even if Mr. Mewawalla had signed it. Trial Ex. 215 at Mewawalla 1466. That demonstrates that the draft was "not an offer," because it provided Mr. Mewawalla with "reason to know that the person making it does not intend to conclude . . . until [it] has made a further manifestation of assent." *Id.*, § 26. It is "common" to "use . . . promissory expressions or words of assent in unsigned documents or letters where the document is intended not as an offer but only as a step in the preliminary negotiation of terms." *Id.*, § 26 cmt. e. There is little question this describes the EV draft—Mr. Mewawalla himself observed (in an email to his lawyer) that critical concerns addressing "executive benefits," "Relocation benefits," and Equity Agreement" all "need[ed] to be defined and explained." ECF No. 223-1, Ex. C.[1]

/ / /

/ / /

/ / /

---

[1] For this reason, a defense motion *in limine* the Court has not yet resolved challenges Mr. Mewawalla's fraud damages as unduly speculative even if the EV offer is admitted. *See* Defs.' MIL No. 2, ECF No. 224.

## II.     Plaintiff's Statement of Supplemental Authorities

Consistent with the Court's direction for the parties to provide a "two-page letter [of] mainly cites," "with maybe a parenthetical of the case[s]," rather than "a full brief," Tr. 79:3-20, Plaintiff provides the following statement of supplemental authorities, and requests leave to submit argument if the Court is inclined to consider argument from the parties:

Wright & Miller, 30B Fed. Prac. & Proc. Evid. § 6722 (2024 ed.) (doctrine applies to "legally significant steps in the contractual chain, such as *offers*, acceptances, *and rejections*; these out-of-court statements can be shown in evidence not as proof of what they assert . . . but rather for the independent, legally-determined effect such statements generate," emphases added, and citing *Mueller v. Abdnor*, 972 F.2d 931, 937 (8th Cir. 1992) for the proposition that "various communications—*e.g.,* conversations, letters, and telegrams—relevant to the making of the contract are also not hearsay"); *id.* § 6582 (2d ed.) (doctrine is not limited to contract cases, and "verbal part[s] of an act" may also be admitted "to characterize the nature of an otherwise ambiguous act by the declarant").

*Shimer v. Foley, Hoag & Eliot LLP*, 795 N.E.2d 599, 602–04 & n.11 (Mass. App. Ct. 2003) (noting that Massachusetts has "the same doctrine" as federal law and holding that in malpractice case where plaintiff had rejected an offer based on legal advice, it was error for trial court to exclude the offer "to quantify his claim for damages caused by his rejection of the offer" because the "*proof of the [rejected] offer, even as evidence of damages*, was not dependent on the truthfulness, honesty or sincerity of the" company making the offer: "***The significance of the words used by [the company] in making the offer was in the fact that they were communicated to [plaintiff]*** and that he would have accepted; their import, at that point, was unrelated to whether [the company] truly meant to pay the amounts it proposed.") (emphases added).

*N.L.R.B. v. H. Koch & Sons*, 578 F.2d 1287, 1290–91 (9th Cir. 1978) (citing McCormick on Evid. § 249 and admitting testimony concerning an out-of-court third-party declarant's "words of assent," and further holding that this "was sufficient, even without corroboration, to support" finding acceptance).

*United States v. Arteaga*, 117 F.3d 388, 397 n.16 (9th Cir. 1997) (observing that like a statement of acceptance, "the statement of a merchant that he is willing to sell 100 pounds of coffee for $300 ***may be legally operative as an offer***; in an action on the contract, the 'truth' of the statement is not at issue," emphasis added).

*Burtscher v. Moore*, 2013 WL 12122230, at *10 (C.D. Cal. Feb. 7, 2013) (citing *Arteaga* for the proposition that "online vendor screen shots may qualify as 'verbal acts,' *i.e.*, the offering of a product for sale").

*McKelvey v. Hamilton*, 211 P.3d 390, 397 (Utah App. 2009) (applying doctrine to admit evidence of a letter purporting to re-state and accept a prior verbal offer as a "verbal act of contract" ***before*** considering that evidence for the purpose of deciding whether a contract was actually formed).

*Sabre Int'l Sec. v. Torres Adv. Enter. Sols., LLC*, 72 F. Supp. 3d 131, 142 (D.D.C. 2014) (holding letter admissible for non-hearsay purpose of offering party "attempt[ing] to demonstrate that the Termination Letter terminated the parties' contractual relationship, thereby having independent legal significance.").

*Fed. Election Comm'n v. Christian Coal.*, 52 F. Supp. 2d 45, 54 n.9 (D.D.C. 1999) (evidence of "legally significant 'verbal acts'" admissible with ordinary authentication).

*De Baca v. United States*, 399 F. Supp. 3d 1052, 1090 n.75 (D.N.M. 2019) (verbal acts admissible non-hearsay even without indicia of trustworthiness to qualify as business records); *cf. Hartford Life & Annuity Ins. Co. v. Farris*, 2014 WL 2781793, at *2 (N.D. Ill. June 19, 2014) (emails including statements constituting verbal acts are trustworthy non-hearsay when "consistent with the rest of the evidence submitted in this case").

*Virola v. XO Communications, Inc.*, 2008 WL 1766601, at *16 (E.D.N.Y. Apr. 15, 2008) (where contract "offers were not accepted" they "might ***arguably*** constitute hearsay," citing Defendants' 10th Circuit case, emphasis added, but "if the plaintiffs cannot produce any alternative nonhearsay evidence" to prove alleged lost profits from foregoing an unconsummated employment opportunity, their "testimony regarding the offers" ***and their terms*** fall into FRE § 807 residual hearsay exception because "***[t]he trustworthiness of an offer of employment and a salary quote, at least when given to an experienced professional, is circumstantially guaranteed by the powerful reputational pressures that a competitive labor market exerts on corporations***," emphases added).

*Cont'l Indus. Grp., Inc. v. Altunkilic*, No. 14-CV-790 (AT) (JLC), 2020 WL 3884312, at *6 (S.D.N.Y. July 1, 2020) (applying residual exception to admit affidavit "supported by sufficient guarantees of trustworthiness," including because it was sworn under penalty of perjury and because the third party was not aligned with party seeking to admit it to prove lost profits); *In re Columbia Sec. Litig.*, 155 F.R.D. 466, 477 (S.D.N.Y. 1994) (similar).

Very truly yours,

By:  _____*/s/ Oliver Rocos*_____
Oliver Rocos
Attorney for Plaintiff

By:  _____*/s/ Paul Gaffney*_____
Paul Gaffney
Attorney for Defendants

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories in this e-filed document.

DATED: January 9, 2025

By:  _____*/s/ David A. Goldstein*_____
David A. Goldstein
Attorney for Defendants

4