UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHUL MEWAWALLA,<br><br>    Plaintiff,<br><br>    v.<br><br>STANLEY C. MIDDLEMAN, et al.,<br><br>    Defendants. | Case No. 21-cv-09700-EMC<br><br>**ORDER RE: JURY INSTRUCTIONS**<br><br>Docket Nos. 233, 266 |

The Court largely accepts Parties' stipulated instructions at Docket No. 233. At the pretrial conference, the Court ordered Parties to further meet and confer to stipulate to a single updated, "Unclean Hands" instruction, and updated Breach of Contract Instructions Nos. 33 & 34 that include a cite to the section of the Employment Agreement with the definition of "Cause." The Parties submitted a joint submission at Docket No. 266. Accordingly, the Court rules as follows on the following Disputed Instructions: 28, 35, 38, 39, 40, 41[1].

Attached to this Order are the Court's overall proposed jury instructions. The instructions are based on model instructions, agreement by the Parties, and contain minor modifications previously used by this Court in other cases. The Court has made slight modifications to the following instructions (including some stipulated to by the Parties)[2]: 3 (Implicit/Unconscious Bias), 11 (Credibility of Witnesses), 14 (Taking Notes), 24 (Duty of Jury), 25 (Fraud: False Promises), 26 (Fraud: Concealment), 27 (Reliance), 29 (Damages for Fraud), 30 (Breach of Contract- Introduction), 31 (Contract Formation), 32 (Breach of Contract-Freedom), 33 (Breach of Contract-Xpanse), 34 (At Will Employment), 36 (Damages Contract), 37 (Affirmative Defense-

---

[1] Numbering from Docket No. 233.
[2] Numbering in attachment, differs from Docket No. 233.

Fraud), 38 (Affirmative Defense- Unclean Hands), 41 (Punitive Damages), 44 (Duty to Deliberate), 46 (Wealth of Parties).

The Court may make further modifications as needed. Parties are to meet and confer, and file a JOINT submission by **Thursday, January 23, 2025**, if there are any further issues or objections to the proposed instructions attached.

Additionally, Parties are to meet and confer and file a stipulated instruction regarding the INSTRUCTION NO. 39 LIMITATION ON REMEDIES —AFTER-ACQUIRED EVIDENCE with the Court by **Thursday, January 23, 2025**.

## A.     DISPUTED INSTRUCTION NO. 28 RE REASONABLE RELIANCE

OFFERED BY DEFENDANTS

For purposes of Counts 1 and 2, in determining whether Mr. Mewawalla reasonably relied on false promises from Mr. Middleman and Freedom, or on their concealment of information, Mr. Mewawalla must first prove that the matter was material. A matter is material if a reasonable person would find it important in deciding what to do.

If you decide that the matter is material, you must then decide whether it was reasonable for Mr. Mewawalla to rely on the concealment or false promises. In making this decision, take into consideration Mr. Mewawalla's intelligence, knowledge, education, and experience. You may also consider the fact that Mr. Mewawalla was represented by counsel at the time he negotiated and executed his Employment Agreement.

Defendants contend that any reliance by Mr. Mewawalla on any false promises he said were made to him but not included in his Employment Agreement was unreasonable in light of Section 22 of his Employment Agreement. That clause states:

> Entire Agreement and Survival. This Agreement, and its Appendices and Exhibits, constitute the entire agreement between the Parties and supersedes all prior agreements and understandings, whether written or oral, related to the subject matter of this Agreement.

You have heard this referred to as the Agreement's "integration clause." This provision of the Employment Agreement does not automatically defeat Mr. Mewawalla's allegations of fraud, but you may take it into account in determining whether his reliance on extra-contractual promises was reasonable.

It is not reasonable for anyone to rely on any concealment or promise that directly contradicts the express terms of an integrated employment agreement. Nor is it reasonable for anyone to rely on a concealment or false promise that is preposterous. Nor is it reasonable for anyone to rely on a concealment or false promise if facts that are within his observation show that it is obviously false.

OFFERED BY PLAINTIFF

In determining whether Mr. Mewawalla's reliance on the false promise or concealment was reasonable, Mr. Mewawalla must first prove that the matter was material. A matter is material if a reasonable person would find it important in deciding what to do.

If you decide that the matter is material, you must then decide whether it was reasonable for Mr. Mewawalla to rely on the false promise or concealment. In making this decision, take into consideration Mr. Mewawalla's intelligence, knowledge, education, and experience, ==as well as the terms of the written contract.==

However, it is not reasonable for anyone to rely on any false promise or concealment that is preposterous. It also is not reasonable for anyone to rely on a false promise or concealment if facts that are within his observation show that it is obviously false.

**RULING**

Which provisions are within the scope of the Integration Clause, and which are not is a matter for Defendant's to prove—this argument should not be included in jury instructions. Court adopting Plaintiff's proposal with the addition highlighted in yellow.

3

**B.      DISPUTED INSTRUCTION NO. 35 RE DEFINITION OF "CAUSE"**

RULING

No instruction. Instead, Parties were ordered by the Court to file revisions of their Breach of Contract instructions (Instruction Nos. 33, 34) to include cites to the section of the Employment Agreement where the definition of "Cause" is found. The Court accepts Parties' revised stipulated instructions.

## C. DISPUTED INSTRUCTION NO. 38 RE AFFIRMATIVE DEFENSE—FRAUD

OFFERED BY DEFENDANTS

A party has no claim for breach of contract or breach of the covenant of good faith and fair dealing if he obtained the other party's consent to the contract through fraud.  Here, the Defendants contend that Mr. Mewawalla misled them into promising him employment by misrepresenting facts about his employment history.  This is an affirmative defense to Counts 5 and 6, and to prevail on this defense, Defendants must prove all of the following:
1. That Mr. Mewawalla made misrepresentations to Freedom about his prior employment;
2. That Mr. Mewawalla knew that the representations were not true;
3. That Mr. Mewawalla made the misrepresentations in order to persuade Defendants to offer him employment on the terms set forth in the Employment Agreement;
4. That Defendants reasonably relied on these representations; and
5. That Defendants would not have entered into the contract if they had known that the representations were not true.

If you decide that Defendants have proved all of the above, Mr. Mewawalla may not recover on his claims for breach of contract or breach of the implied covenant of good faith and fair dealing, and you must decide in Defendants' favor on Counts 5 and 6.

OFFERED BY PLAINTIFF

Defendants claim that no contract was created because their consent was obtained by fraud. This is an affirmative defense to Counts 5 and 6, and to succeed, Defendants must prove all of the following:
1. That Mr. Mewawalla made representations to Freedom about his prior employment;
2. That Mr. Mewawalla knew that the representations were not true;
3. That Mr. Mewawalla made the representations to persuade Defendants to agree to the contract;
4. That Defendants reasonably relied on these representations; and
5. That Defendants would not have entered into the contract if they had known that the representations were not true.

If you decide that Defendants have proved all of the above, then no contract was created.

**RULING**

The Court adopts Plaintiff's proposal, as it is closer to the model instruction and does not include attorney argument.

### D. **DISPUTED INSTRUCTION NO. 39 RE AFFIRMATIVE DEFENSE—UNCLEAN HANDS**

OFFERED BY DEFENDANTS

Defendants contend that Mr. Mewawalla may not recover on his claims for breach of contract and breach of implied covenant because he acted with unclean hands in his effort to secure employment at Freedom and Xpanse, by misrepresenting facts about his prior employment. Unclean hands exists when the party bringing a claim for breach of contract or breach of good faith and fair dealing has violated a duty of good faith or has acted unconscionably in connection with the same subject matter out of which he seeks a remedy. The Defendants bear the burden of proving Mr. Mewawalla acted in this manner. If Defendants carry this burden, you must decide in their favor on Counts 5 and 6.

OFFERED BY PLAINTIFFS

PLAINTIFF CONTENDS NO INSTRUCTION SHOULD BE GIVEN

**RULING**

The Parties were ordered to stipulate to one instruction that clearly articulated this defense was applicable to both the claims for fraud and contract. The Court accepts Parties' stipulated instruction at Docket No. 266.

### E. DISPUTED INSTRUCTION NO. 40 RE AFFIRMATIVE DEFENSE—AFTER-ACQUIRED EVIDENCE

OFFERED BY DEFENDANTS

Defendants contend that Mr. Mewawalla's claims for breach of contract (Count 5) are barred by the doctrine of after-acquired evidence. Under this doctrine, an employer may not be sued for terminating an employee, if, after the termination, the employer discovers wrongdoing by the employee that would have justified the termination in any event.

An employer invoking this affirmative defense must show that the misconduct was so severe that it would have resulted in the employee's termination as a matter of established company policy.

If you find that after-acquired evidence would have justified Freedom in terminating Mr. Mewawalla for Cause, then Mr. Mewawalla is not entitled to breach-of-contract damages in the form of unpaid severance or any other damages arising from his termination.

OFFERED BY PLAINTIFFS

PLAINTIFF CONTENDS NO INSTRUCTION SHOULD BE GIVEN

**RULING**

The Court finds this doctrine is available. *See Camp v. Jeffer, Mangels, Butler & Marmaro*, 35 Cal. App. 4th 620 (1995); *Murillo v. Rite Stuff Foods, Inc.*, 65 Cal. App. 4th 833 (1998). There is no persuasive reason in logic or policy why the defense could be applied to statutory claims such as laws prohibiting discrimination or retaliation and not to claims of straight breach of contract. The Court would model this instruction after CACI 2506.

Defendants have not articulated exactly what the after-acquired evidence is, as is required to include in the instruction. Parties are to meet and confer and file a stipulated instruction with the Court by **Thursday, 1/23/25**.

## F. DISPUTED INSTRUCTION NO. 41 RE INTRODUCTION TO CONTRACT DAMAGES

OFFERED BY DEFENDANTS

If you decide that Mr. Mewawalla has proved his claim against Defendants for breach of contract, you also must decide how much money will reasonably compensate him for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Mr. Mewawalla in as good a position as he would have been if Defendants had performed as promised.
To recover damages for any harm, Mr. Mewawalla must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.
Mr. Mewawalla also must prove the amount of his damages according to the following instructions. He does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.
Mr. Mewawalla claims damages for:
(1) unpaid severance;
(2) unpaid benefits;
(3) unpaid paid time off.

OFFERED BY PLAINTIFF

If you decide that Mr. Mewawalla has proved his claim against Defendants for breach of contract, you also must decide how much money will reasonably compensate him for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Mr. Mewawalla in as good a position as he would have been if Defendants had performed as promised.
To recover damages for any harm, Mr. Mewawalla must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.
Mr. Mewawalla also must prove the amount of his damages according to the following instructions. He does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.
Mr. Mewawalla claims damages for:
(1) unpaid severance;
(2) unpaid benefits;
(3) unpaid moving expenses;
(4) unpaid paid time off.

//
//
//
//
//
//
//

**RULING**

The Court adopts Defendants' proposal. The Court previously found that it was Plaintiff's own prerogative to move, and thus the Court dismissed Plaintiffs' claim that he was fraudulently induced to change his residence from CA to Washington. Thus, there is no way for Plaintiff to argue the expenses are a damage for breach of contract because they were not proximately caused.

**IT IS SO ORDERED**.

Dated: January 21, 2025

_____
EDWARD M. CHEN
United States District Judge