Ekwan E. Rhow - State Bar No. 174604
　erhow@birdmarella.com
Oliver Rocos - State Bar No. 319059
　orocos@birdmarella.com
Brandon R. Teachout - State Bar No. 321672
　bteachout@birdmarella.com
BIRD, MARELLA, RHOW, LINCENBERG,
DROOKS, & NESSIM LLP.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Plaintiff and Counter-Defendant
Rahul Mewawalla

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RAHUL MEWAWALLA, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STANLEY C. MIDDLEMAN, et al.,<br><br>　　　　Defendant. | CASE NO. 3:21-cv-09700-EMC<br><br>**JOINT STATEMENT REGARDING OBJECTIONS TO EXHIBITS AND DEMONSTRATIVES**<br><br>Date:　　February 5, 2025<br>Time:　　8:30 a.m.<br>Crtrm.:　 5<br><br>Assigned to Hon. Edward M. Chen<br><br>Trial Date:　　　February 5, 2025 |

**JOINT STATEMENT REGARDING OBJECTIONS TO EXHIBITS AND DEMONSTRATIVES**

Pursuant to the Court's January 15, 2025, Amended Pretrial Conference Order, ECF No. 265, the parties herein, Plaintiff and Counter-defendant Rahul Mewawalla ("Plaintiff") and Defendants and Counterclaimants Stanley C. Middleman Freedom Mortgage Corporation, and Xpanse, LLC ("Defendants"), by and through their counsel of record, have met and conferred concerning their respective objections to exhibits and demonstratives identified by the parties. The following objections remain unresolved.

**I.    DEFENDANTS' OBJECTIONS**

   **A.    Defendants' Statement**

Defendants understand the Court's Pretrial Conference Order to have ruled the draft E&V Service Agreement (Exhibit 219) and the Glick-Staub messages at Exhibits 250 & 258 admissible. Defendants respectfully renew their objections to these exhibits. In particular, Defendants object to the word "Abdul" in Exhibit 258. That statement was made by a non-executive level Freedom employee who had no business connection to Mr. Mewawalla and was not speaking within the scope of his employment, and therefore it is not a statement of a party opponent. In addition, that word is unduly prejudicial and misleading taken out of context and without a sponsoring witness. Defendants further object to its use in Plaintiff's opening statement, which unduly creates a risk of inflaming the jury and elevates a single word uttered by a non-party to undue importance.

Statements by Adam Cohen in Exhibits 326 and 338 are not admissible under Fed. R. Evid. 801(d)(2)(D). Cohen was the Chief Financial Officer of Archwell Holdings, LLC, *see* TX 326-002, which is the parent company of Xpanse. Cohen was not an employee or agent of Xpanse or Mr. Middleman. Those exhibits are inadmissible, in any event, under Rules 402 and 403. Mr. Mewawalla alleges that Defendants terminated him, in part, for objecting to Xpanse's conversion to an LLC (and not for his deficient job performance). But neither exhibit is probative of this point.

Finally, Exhibit 367 contains commentary by a third party concerning Greg Middleman. With the exception of a quotation attributed to Greg Middleman at the end of the exhibit, Exhibit 367 is inadmissible hearsay.

B.  **Plaintiff's Statement**

Plaintiff's positions are set forth in his prior briefing and in the table below.

C.  **Defendants' Objections to Plaintiff's Exhibits and Demonstratives**

| No. | Witness | Description | Objections | Response | Ruling |
|---|---|---|---|---|---|
| 219 | Mewawalla | Email from Alexander Wink to Armin Lange, cc Rahul Mewawalla, forwarding email from Christian Volkers to Mewawalla re: Service Agreement for Engel &Volkers attaching "a draft of [EV's] service agreement" | Renewing objection – 403, 802, 901 | Objections previously raised and Court ruled admissible in Am. Pretrial Conference Order, ECF No. 265 at 13–19. | |
| 250 258 | S. Middleman | Chat conversation between Christopher Staub and Jordan Glick (senior executive at Freedom Mortgage Company) regarding their views of Rahul Mewawalla | Renewing objection – 403 & 802 | Objections previously raised and Court ruled admissible in Am. Pretrial Conference Order, ECF No. 265 at 42. | |
| 326 | S. Middleman | Email from Christopher Staub to Adam Cohen re: Xpanse LLC Conversion Documents | 802 with respect to statements by A. Cohen; 402, 403 as to entire exhibit | 801(d)(2) as Cohen (CFO of Archwell, which owned Def. Xpanse) was agent of Xpanse and Middleman; 803(3) state of mind; also admissible to show effect on listener. | |
| 338 | S. Middleman | Email from Adam Cohen to Christopher Staub re: Mewawalla | 402, 403, 802 | 801(d)(2) as Cohen (CFO of Archwell, which owned Def. Xpanse) was agent of Xpanse and Middleman; 803(3) state of mind; also | |

| | Ex. # | Witness | Exhibit | Objection | Response | |
|---|---|---|---|---|---|---|
| 1 | | | | | admissible to show effect on listener. | |
| 2 | | | | | | |
| 3 | 367 | S. Middleman | 2023 Housingwire Profile of Greg Middleman | 802 (except for quote by Greg Middleman) | Xpanse PMQ Gina Colucci testified to the accuracy of contents; S Middleman can testify as to accuracy of contents. | |
| 8 | 324 | Plaintiff's Opening | Slide 18 | Jordan Glick's statements are not admissible. Photo from Jordan Glick is not in evidence. He is not a witness. You have to show the entirety of exhibit under rule of completeness. Otherwise, this is highly misleading | The parties continue to meet and confer about this objection. | |
| 18 | | Plaintiff's Opening | Slide 19 | Same objection as Slide 18 | The parties continue to meet and confer about this objection. | |
| 21 | | Plaintiff's Opening | Slide 23 | This is inaccurate and highly misleading. You have to quote the entirety of the relevant provision. | The parties continue to meet and confer about this objection. | |
| 26 | | Plaintiff's Opening | Slide 27 | 106 – Objection under rule of completeness | The parties continue to meet and confer about | |

| | | | | |
|---|---|---|---|---|
| Plaintiff's Opening | Exhibit 57 – Slides 26, 31 | Inadmissible hearsay.<br><br>Also, on Slide 31, these aren't Rahul's objections in Exhibit 57. | this objection.<br><br>The parties continue to meet and confer about this objection. | |

## II. PLAINTIFF'S OBJECTIONS

### A. Plaintiff's Statement

Certain exhibits identified by Defendants contain hearsay statements relating to Plaintiff's performance. In the Amended Pretrial Conference Order the Court observed: "Exhibits containing comments on Plaintiff's performance are relevant and the state of mind of Defendants – whether they terminated Plaintiff for 'Cause.' Upon request, the Court will give a limiting instruction. The Court notes, however, that the volume of such exhibits viewed cumulatively may implicate FRE 403 at some point. Defendants are thus forewarned they should proffer only their best evidence or risk exclusion under FRE403. To the extent Defendants seek to admit such documents for the truth of the matter asserted therein, the Court notes they are hearsay and most contain multiple levels of hearsay, and thus even if one level meets an exception (e.g. as a business record), other hearsay problems still obtain." ECF No. 265 at 36. To the extent that Defendants intend to introduce these exhibits in a manner consistent with the Court's ruling, as they have represented during the parties' meet-and-confer correspondence, Plaintiff does not object. To the extent Defendants argue that the documents are admissible for all purposes (whether because they are business records or otherwise), Plaintiffs maintain the same objections they raised to the same bellwether exhibits.

Defendants also identified a demonstrative that they intend to use, which is based in part on evidence that Defendants are not introducing at trial (namely, the deposition testimony of Eric Holly). For this reason, Plaintiff objects to Defendants' demonstrative unless and until Defendants introduce evidence sufficient to support the contents of the demonstrative.

Finally, the parties have exchanged slides for their opening statements. The parties continue to meet and confer about the contents of the slides but Plaintiff preserves his objections below.

### B. Defendants' Statement

Defendants can lay a foundation through the testimony of Stanley Middleman for admitting certain exhibits under the business records exception. For Exhibit 504, for example, he may testify that Freedom employee Gina Morselli regularly submitted reports to Mr. Middleman on her conversations with candidates for employment, as part of her job duties.

As to the demonstrative, Defendants do not intend to have Mr. Middleman testify as to whether the revenue figures displayed on the graph are true. He would only offer his reaction if those figures were true and if he had known it when the Plaintiff was seeking employment with Freedom Mortgage. The parties are continuing to meet and confer on this issue.

### C. Plaintiff's Objections to Defendants' Demonstratives

| No. | Witness | Description | Objections | Response | Ruling |
|---|---|---|---|---|---|
| 01 | S. Middleman | Slides re. Zenplace | 403, 602, 802 | See above. | |
| n/a | Opening Statement | Slides 22 and 24 | 802 | The parties continue to meet and confer about this objection. | |
| n/a | Opening Statement | Slides 23 and 24 | 403, 602, 802 | The parties continue to meet and confer about this objection. | |
| n/a | Opening Statement | Slide 23 | Misstates the evidence. The years on the Y axis represent the end of each calendar year, not the beginning, so the mark for July 10, 2019 should be | The parties continue to meet and confer about this objection. | |

| | | | |
|---|---|---|---|
| | | between 2018 and 2019 on the Y axis rather than between 2019 and 2020. | |

[Signature Page Follows]


DATED: February 4, 2025

Ekwan E. Rhow
Oliver Rocos
Brandon R. Teachout
Bird, Marella, Rhow, Lincenberg,
Drooks, & Nessim LLP

By: _____*/s/* Oliver Rocos_____
        Oliver Rocos
        Attorneys for Plaintiff and Counter-Defendant
        Rahul Mewawalla

DATED: February 4, 2025

Paul B. Gaffney
George A. Borden
Ricardo Leyva
Ikenna Ugboaja
Williams & Connolly LLP

Stephen H. Sutro
Robert J. Nolan
Duane Morris LLP

By: _____*/s/* Paul B. Gaffney_____
        Paul B. Gaffney
        Attorneys for Defendants and Counter-claimants
        Stanley C. Middleman, Michael B. Middleman,
        Gregory E. Middleman, Freedom Mortgage
        Corporation, and Xpanse, LLC

*Local Rule 5-1 Compliance: Filer attests that all other signatories listed concur in the filing's content and have authorized this filing*