**Volume 6**

**Pages 1184 - 1198**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Edward M. Chen, Judge

RAHUL MEWAWALLA, an individual,

Plaintiff,

VS.

STANLEY C. MIDDLEMAN, et al.,

Defendants.

**NO. 3:21-CV-09700-EMC**

San Francisco, California
Wednesday, February 12, 2025

**TRANSCRIPT OF JURY TRIAL PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
**BY: OLIVER ROCOS, ATTORNEY AT LAW**
**BRANDON R. TEACHOUT, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY: Ana Dub, RMR, RDR, CRR, CCRR, CRG, CCG
CSR No. 7445, Official United States Reporter

**APPEARANCES**: (CONTINUED)

For Defendants:
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, D.C. 20024
**BY: PAUL B. GAFFNEY, ATTORNEY AT LAW**
**RICARDO LEYVA, ATTORNEY AT LAW**

# I N D E X

Wednesday, February 12, 2025 - Volume 6


| | PAGE | VOL. |
|---|---|---|
| Jury Question | 1187 | 6 |
| Verdict | 1194 | 6 |

**Wednesday - February 12, 2025** **8:58 a.m.**

**P R O C E E D I N G S**

---o0o---

**THE COURTROOM DEPUTY:** All rise. Court is now in session. The Honorable Edward M. Chen presiding.

(Proceedings were heard out of the presence of the jury.)

**THE COURT:** All right. Have a seat, everyone. Good morning.

**THE COURTROOM DEPUTY:** Court is calling the case Mewawalla versus Middleman, et al., Case Number 21-9700.

Counsel, please state your appearance for the record, beginning with the plaintiff.

**MR. ROCOS:** Oliver Rocos and Brandon Teachout for plaintiff. Good morning, Your Honor.

**THE COURT:** All right. Good morning, Mr. Rocos.

**MR. GAFFNEY:** Good morning, Your Honor. Paul Gaffney and Ricardo Leyva for the defense.

**THE COURT:** All right. Good morning, Mr. Gaffney.

All right. So we've received Note Number 2 from the jury, which reads [as read]:

"If we award COBRA reimbursement, do we need to specify a dollar amount or can we specify a 'COBRA reimbursement' without specifying a dollar amount? If we need to specify, can the dollar amount be made available to us?"

So let me get your reaction as to what we should do.

**MR. ROCOS:** Well, Your Honor, I don't think we need -- I don't think we need to specify an amount. The verdict form just has a -- just has a line saying -- you can just put in the figure. It doesn't even say that they have to break out what the headings are or anything. So I don't think we need to go ahead and do it.

But, obviously, what I -- it's not going to be helpful if they just say "COBRA reimbursement" and leave that blank.

**THE COURT:** Well, I mean, the way the verdict form reads now, it's just a dollar amount. You don't know whether it includes -- whether they intended to include COBRA or not. I think that's their point.

**MR. ROCOS:** Yeah.

**THE COURT:** And I think the question is, if they render a verdict on that count in favor of the plaintiff and they want to award damages and they think COBRA is part of it, there's no room in here that specifies different line items.

**MR. ROCOS:** True.

**THE COURT:** So do they lump it all in together, or can they specify this does not include COBRA? I think that's what they're asking.

**MR. ROCOS:** Yeah. I mean, like, you know, I guess, honestly, I don't have a particular problem with saying, "If you decide to go ahead and award COBRA, then this is the dollar

amount that we've calculated for COBRA," and just providing that to them and then, I guess, give them that data point so they can include it in the final figure, in whatever it is they put in there.

**THE COURT:** All right. Defense view?

**MR. GAFFNEY:** Your Honor, we looked back at the slide presentation that Mr. Persechini provided, and he has a total severance number that is inclusive of $43,813 of COBRA premiums.

**THE COURT:** Yeah, correct.

**MR. GAFFNEY:** And that's under both of his scenarios.

**THE COURT:** Right.

**MR. GAFFNEY:** I guess we'd be inclined to tell them that Mr. Persechini testified that the number was $43,813 --

**THE COURT:** Okay.

**MR. GAFFNEY:** -- that was included in his severance number.

**THE COURT:** Okay.

**MR. ROCOS:** I mean, I think that makes sense. They've asked the question. I don't see any particular issue.

**THE COURT:** It's up to them whether they accept it or not, but we can just say that that was the testimony.

This is the downside -- this happens a lot in cases where an expert has an analysis and there's a nice demonstrative on both sides, but the jurors don't -- maybe they don't fully

realize they're not going to get it so they have to rely on their memory. I've had cases where there's a giant matrix and a grid with option dates and stuff, and it's like, what do you do? There's an interesting trial practice lesson that could be taught about that.

But in this case, it's fairly simple. I think there was a -- he did present this.

**MR. ROCOS:** Mm-hmm. I mean, if the number is undisputed, I don't see any issue with just giving it to them.

**THE COURT:** All right. So if I said -- let me type up something and let you look at it. I don't want to just do it off the cuff here.

**MR. ROCOS:** Okay.

**THE COURT:** Let me go back and type something up, and I'll be right back.

**MR. ROCOS:** Okay.

**THE COURTROOM DEPUTY:** Court is in recess.

(Recess taken at 9:03 a.m.)

(Proceedings resumed at 9:07 a.m.)

(Proceedings were heard out of the presence of the jury.)

**THE COURTROOM DEPUTY:** Court is reconvened.

**THE COURT:** All right. So what I propose is the following language: Plaintiff's damages expert, Mr. Persechini, testified that the COBRA premiums (as part of the breach of contract damages) was $43,813.

**MR. ROCOS:** Looks good to plaintiffs, Your Honor.

**MR. GAFFNEY:** I want to -- I'm not sure that we agree. If you'd give us a moment.

**THE COURT:** Yes.

(Pause in proceedings.)

**MR. GAFFNEY:** We're fine with that, Your Honor.

**THE COURT:** Okay. All right. We'll pass it on to the jury.

You can give it to them, Vicky.

**THE COURTROOM DEPUTY:** Thank you. I'll scan a copy for us.

**THE COURT:** All right. Okay. We'll continue to be on stand by, I guess.

**MR. ROCOS:** Thank you, Your Honor.

**THE COURT:** Thanks.

**THE COURTROOM DEPUTY:** Court is in recess.

(Recess taken at 9:10 a.m.)

(Proceedings resumed at 9:38 a.m.)

(Proceedings were heard out of the presence of the jury.)

**THE COURTROOM DEPUTY:** All rise. Court is now in session. The Honorable Edward M. Chen presiding.

**THE COURT:** Okay. Have a seat, everyone.

I understand that the jury has reached a verdict in this matter. So if you are prepared, I will direct Ms. Ayala to bring the jury back in.

**MR. ROCOS:** I think we're ready.

**THE COURT:** Okay.

(Pause in proceedings.)

**THE COURT:** It is my practice, while she's getting them, after the verdict is rendered and recorded, to meet with the jurors afterwards, if they want to, to talk about procedure or anything. We're always looking for ways to improve our process here and thank them.

So I do that, and then I will ask them whether they want to speak to counsel because it's often useful. As long as you've been in practice, you always learn something. And I don't prohibit them, but I don't require them. So whatever they want.

Usually, there are a handful of folks that are willing to talk. But we will let you know when we meet back there whether any of them want to talk with you. That way, if you want, you can stick around.

While you do that, I caution about the rules of evidence and what's permissible in terms of inquiring into deliberations and what's not permissible. So I'd ask you to try to respect that. I do have my law clerks and externs kind of -- I think it's a learning experience for them, so they will be there.

Now, the last time I did this, the jurors preferred to have questions sort of jointly, in full view of everyone, so there's no sort of -- but I don't specify what the form is.

**MR. ROCOS:** Understood. Thank you.

**THE COURT:** Okay?

**THE COURTROOM DEPUTY:** All rise for the jury.

(Proceedings were heard in the presence of the jury.)

**THE COURT:** All right. Please be seated, everyone.

Good morning, members of the jury. I understand that the jury has reached a verdict.

And I see you're shaking your head, Mr. Jacobs.

**JUROR JACOBS:** Yes.

**THE COURT:** You are the fore- --

**JUROR JACOBS:** Foreman, yes.

**THE COURT:** You are the foreperson?

**JUROR JACOBS:** Yes.

**THE COURT:** And you have the verdict?

**JUROR JACOBS:** Yes.

**THE COURT:** All right. If you could hand that to Ms. Ayala.

**THE COURTROOM DEPUTY:** Keep it in the envelope.

**JUROR JACOBS:** Oh, sorry. I'll put it back in the envelope.

**THE COURT:** It adds to the drama, like the Oscars.

(Laughter.)

(Document handed up to the Court.)

**THE COURT:** Thank you.

(Pause in proceedings.)

**THE COURT:** Okay. Ms. Ayala, could you read the verdict, please.

**THE COURTROOM DEPUTY:** Yes, Your Honor. Thank you.

**VERDICT**

**THE COURTROOM DEPUTY:** Ladies and gentlemen of the jury, listen to your verdict as it will stand recorded.

United States District Court, Northern District of California, Case Number 21-CV-0977 -- excuse me -- 700-EMC, Rahul Mewawalla versus Stanley C. Middleman, et al.

Defendant -- excuse me.

We, the jury, agree to the answers to the following questions and return them under the instructions of this Court as our verdict in this case:

Number I - Verdict Form I - Plaintiff's Claims.

Plaintiff's False Promise Claim (Count 1) and Fraudulent Concealment Claim (Count 2).

For whom do you find on Count 1?

Plaintiff.

For whom do you find on Count 2?

Plaintiff.

If you found for Plaintiff on either Question 1 or Question 2, answer Questions 3 through 6.

What are Rahul Mewawalla's damages?

3,750,000.

Do you find punitive damages are warranted?

No.

Plaintiff's Breach of Contract Claim (Against Freedom Mortgage Corporation) (Count 5).

For whom do you find on Count 5 against Freedom?

Plaintiff.

If you found for Plaintiff on Question 1, answer Question 2.

What are Rahul Mewawalla's damages?

4,293,813.

Plaintiff's Breach of Contract Claims (Against Xpanse, LLC) (Count 5 and Count 6).

For whom do you find on Count 5 against Xpanse?

Defendant.

For whom do you find on Count 6 against Xpanse?

Defendant.

Thank you for your service on this jury.

And the verdict has been read.

**THE COURT:** All right. Mr. Jacobs, is that the accurate reading of the verdict in this case?

**JUROR JACOBS:** Yes.

**THE COURT:** And let me just ask all of the jurors.

Is everybody in agreement with the verdict?

(Jurors nod heads.)

**THE COURT:** The record will reflect everybody has nodded with approval.

Any requests to poll the jury individually?

**MR. GAFFNEY:** No, Your Honor.

**MR. ROCOS:** No, Your Honor.

**THE COURT:** All right. Then the verdict will be recorded as such.

And let me, on behalf of the parties and the Court, thank you for your service. You've been very timely, attentive. And I know this has been inconvenient to take a week out of your lives, but we really do appreciate it because, as you can see, this process, this judicial process, which has been in place now for over 200 years, could not function without you.

And as I stated at the outset, that's what makes, I think, our legal system somewhat unique. Not many countries have a jury system. Often cases are decided by officials and judges. But we maintain that tradition and for a good reason. So thank you for your participation.

It is my practice to, if you want, to meet with me and my staff so I can get some feedback about the process and anything you'd like to tell me about how we can improve the process.

And then I do allow those jurors who are willing to talk to the attorneys to talk about their performance. Sometimes it's very helpful for attorneys, young and experienced, to get feedback from jurors about what they did well or not so well or any comments you might have to help them in their professional

experience.

I do ask that the attorneys not inquire into the deliberation process. And I want to remind you that, for those of you who are willing to talk to the attorneys, that I would suggest that you treat that discussion with a degree of solemnity and be willing to say, in the presence of other jurors, what you would -- whatever you say, it's something you'd be willing to say in front of everybody else and in open court, and that you respect any sort of confidence that might have been shared between you and the other jurors.

But certainly, your views, your own views, if you want, you can discuss those. But, again, we discourage discussions about the internal deliberations and the manner in which the jury arrived at a verdict. But other than that, if you want, there's probably a lot to talk about. But that's up to you.

So what I'm going to do is, for those of you who want -- you can also just leave if you want because I know you've got things to do. But if you have a few moments, we'd appreciate meeting with you and so that I can thank you personally.

So with that, the jury is discharged. And we'll let counsel know whether any of the jurors are willing to talk to you afterwards.

**MR. ROCOS:** Thank you very much.

**MR. GAFFNEY:** Thank you, Your Honor.

**THE COURT:** Okay?

**THE COURTROOM DEPUTY:** All rise for the jury.

(The jury was dismissed from duty.)

(Proceedings were heard out of the presence of the jury.)

**THE COURT:** So we can schedule, I guess, afterwards any hearings for post-verdict.

In fact, I'd like you to meet and confer and see if you can arrive at a schedule for post-trial -- any post-trial briefings or anything of that matter and set that on my calendar.

**MR. GAFFNEY:** Okay. We'll do that.

**THE COURT:** I would also encourage you to continue, as I have throughout -- it's never too late to resolve this case and avoid further motions and appeals. But now that you know what the verdict is, you have even more information. So I hope that you will take that opportunity.

**MR. GAFFNEY:** Thank you, Your Honor.

**THE COURT:** But, otherwise, we'll see you at whatever you stipulate to in terms of a post-trial schedule for motions.

**MR. ROCOS:** Thank you, Your Honor.

**THE COURT:** All right.

**MR. GAFFNEY:** Thank you, Your Honor.

**THE COURT:** Thank you.

**THE COURTROOM DEPUTY:** Court is adjourned.

(Proceedings adjourned at 9:49 a.m.)

---o0o---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Thursday, February 13, 2025

Ana Dub

_______________________________

Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG

CSR No. 7445, Official United States Reporter