**Pages 1 - 9**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Edward M. Chen, Judge

RAHUL MEWAWALLA, )
Plaintiff, )
VS. ) **NO. C 21-09700 EMC**
STANLEY C. MIDDLEMAN, )
Defendant. )

San Francisco, California
Wednesday, August 21, 2024

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:
BIRD MARELLA RHOW LINCENBERG DROOKS & NESSIM LLP
1875 Century Park East - Suite 2300
Los Angeles, California 90067
**BY: OLIVER ROCOS, ATTORNEY AT LAW**

For Defendants:
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, D.C. 20005
**BY: GEORGE A. BORDEN, ATTORNEY AT LAW**
**PAUL B. GAFFNEY, ATTORNEY AT LAW**

Remotely Reported: Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
U.S. District Court - Official Reporter

**Wednesday - August 21, 2024** **3:01 p.m.**

**P R O C E E D I N G S**

---000---

**THE CLERK:** Court is calling the case Mewawalla versus Middleman, et al., case number 21-9700.

Counsel, please state your appearance for the record beginning with the Plaintiff.

**MR. ROCOS:** Oliver Rocos of Bird Marella LLP on behalf of the Plaintiff, Rahul Mewawalla.

**THE COURT:** All right. Thank you, Mr. Rocos.

**MR. GAFFNEY:** Hello, good afternoon, Paul Gaffney, Williams & Connolly LLP on behalf of the Defendants.

**THE COURT:** All right. Thank you, Mr. Gaffney.

**MR. BORDEN:** George Borden, also with Williams & Connolly also on behalf of the Defendants.

**THE COURT:** All right, thank you, Mr. Borden. I'm not sure I understand -- I have the translated version of this letter from the court in Hamburg.

What's happening here?

**MR. BORDEN:** Your Honor, as you may recall, there was -- the Court had granted a request under the Hague Convention to seek a deposition in Germany. That never did come about. And then in April the Court entered an order on the parties' stipulation terminating that request for judicial assistance to the German court.

**THE COURT:** Okay.

**MR. BORDEN:** Apparently the German court either did not receive or did not understand the Court's order.

So, at this point I think our options are either to allow the six weeks to lapse as the Court prefers to in its order or to instruct German counsel to communicate with the German court and advise it of the Court's order.

**THE COURT:** And the six weeks would run from, it looks like 7/10, is that right -- July 10th?

**MR. BORDEN:** That would be my best guess, Your Honor.

(Pause in proceedings.)

**THE COURT:** So, are we already at the -- let's see. Let me do my math real quick here. 7/10 -- this is the sixth week today of the -- so, I was going to -- I mean, my initial inclination is just as a matter of courtesy, we should probably contact the court. But if the period has run, I guess, we don't have to do anything.

**MR. BORDEN:** That would save a little bit of trouble and expense on our part, I guess.

**THE COURT:** Okay. Well, I hope I don't have to go back to the Hamburg district court again with another request in the future because they are probably not going to receive us quite as well since we didn't -- but six weeks has run. So, I guess we will let that just expire on its own accord. Unless I got a date wrong, I think that's right. Right? Yeah.

**MR. ROCOS:** I think that's correct.

**THE COURT:** Yeah.

**MR. BORDEN:** That's fine with us, Your Honor. Thank you.

**THE COURT:** Okay. All right. So, then I don't have to do anything; is that right?

**MR. BORDEN:** Good result.

**THE COURT:** Good? Good, good. Well, since I have you here, let me ask, we are headed for trial in February. That's still a good date, correct, we are still on?

**MR. ROCOS:** Yes, for Plaintiffs, yes.

**THE COURT:** All right.

**MR. GAFFNEY:** For the defense, yes.

**THE COURT:** And remind me if there is any ADR process going on or where are you-all at in terms of any discussions?

**MR. ROCOS:** So, I believe, at the last -- the last discussion is still pertinent now. You know, I think my client is considering making a demand. I understand that Defendants are waiting to see if they receive a demand.

We are candidly, you know, pressing for the demand to be forthcoming because we think there might be a settlement here as is there's always a real chance. But unless and until we have that, I don't think the parties are keen on spending more money on another mediation. So, at the minute I think we are just moving towards trial.

**THE COURT:** Okay. So, just bilateral discussions without the need of a neutral?

**MR. ROCOS:** For the time being, certainly.

**THE COURT:** Okay.

**MR. GAFFNEY:** I mean, there aren't any discussions and they haven't made a demand.

**THE COURT:** Okay. Well, I assume that will be -- that will happen. It sounds like that is going to happen soon.

**MR. ROCOS:** Yes, hopefully.

**THE COURT:** All right. And who -- remind me, who was your -- who served as the neutral previously?

**MR. ROCOS:** I don't recall. I think it was before the time of any of these lawyers on the call.

**THE COURT:** Oh.

**MR. GAFFNEY:** It predates all the lawyers on the call, Your Honor.

**THE COURT:** Oh.

(Pause in proceedings.)

**THE COURT:** Well, I'm wondering whether once we get to the point of all the pretrial filings and you know exactly what things are going to look like whether -- if you haven't already settled, whether it makes sense, for instance, to call upon a magistrate judge to host you-all maybe for one last try once -- you are going to have a lot -- a lot of information by the time we get -- by the time we reach January or February.

Any objection if I were to try to recruit a magistrate judge to host you some time, let's say, in January after you have had the pretrial conference. You can all see what it's going to look like. Assuming you can't all do it yourselves, what is your view?

**MR. GAFFNEY:** You want to go first?

**MR. ROCOS:** Well, I rarely have objections to that.

I think if we are that close, then it certainly makes sense for us to try and have someone come in and push us rather than having to go to court for a week.

I guess I'm not quite sure if it is worthwhile doing that now or if it's worthwhile waiting a little more time. And then the parties can update the Court if they think that that's something that is really going to move the needle.

**THE COURT:** All right.

**MR. GAFFNEY:** My reaction to that, Your Honor, is that, you know, my experience when you have sophisticated lawyers who get along and respect each other, the only reason you need a mediator is if you need someone to lean on their clients; right?

**THE COURT:** Yeah, that's one reason.

**MR. GAFFNEY:** And, you know, the -- we have an employment case here; right. He got fired when he shouldn't have, and he thinks he is entitled to various forms of breach damages; and he thinks he was kind of duped and lost an

opportunity, whatever.

**THE COURT:** Yep.

**MR. GAFFNEY:** But it's a different case and we have never received a reasonable demand. And if we receive an unreasonable demand, then we are wasting, you know, a lot of time. Particularly I really -- what I really hate to do is waste time on fruit -- on what are clearly going to be fruitless discussions in advance of a trial when I could be getting ready for the trial.

**THE COURT:** Yeah.

**MR. GAFFNEY:** So, whether mediation makes sense, it depends entirely on the -- you know, what this demand looks like because the last one was, you know, a lottery ticket and that's not fruitful. We have sophisticated lawyers -- sophisticated parties on our side. I mean, they are a business and they know how to do this. This is not their first time around the block.

So, again, long-winded way of saying let's see what the Plaintiff asks for. And if it is reasonable, we should try to do it without a mediator because decent lawyers should be able to do that. If it is unreasonable, we will have to figure out what the next step is.

**THE COURT:** All right. Any further thoughts, Mr. Rocos?

**MR. ROCOS:** No. I think that's a fair -- it's a fair

position. So, yeah, it sounds like it is incumbent upon us to make the starting move. So, we are willing to do that and see where it gets us.

**THE COURT:** All right. I would encourage you to start that process or restart that process and see where it goes. I may put a reservation in for a MJ just in case mainly because it is hard to get anybody last minute. If you-all decide, you know, maybe it would be helpful to get the principals in the room with a judge, et cetera, et cetera I can't just snap my fingers. You know, got to kind of put a reservation. So, I may put a reservation just in case you guys can't get there and maybe -- at some point maybe it might be helpful. I can always pull it. So, I think I will --

**THE CLERK:** Excuse me, Your Honor. According to the docket, it looks like the parties had a settlement conference with Judge Westmore on January 20th, 2023. It was referred to her.

**THE COURT:** Oh, so she already knows the case.

**THE CLERK:** Yes.

**THE COURT:** All right. Well, I may just send her an e-mail saying, "What are you doing in January?"

(Laughter)

**THE COURT:** "Don't go on a long vacation." All right. Well, I hope we don't have to get there. I hope you-all can figure out a way to get this resolved. But if not, you know,

we will see where we go; but we have got a February trial date.

**MR. ROCOS:** Yes.

**THE COURT:** All right.

**MR. GAFFNEY:** Thank you, Your Honor.

**THE COURT:** I guess I won't schedule anything until the pretrial conference. So, unless something comes up, you know where to find me.

**MR. ROCOS:** Sounds good. Thank you very much, Your Honor.

**MR. GAFFNEY:** Thank you.

**THE COURT:** Good luck. Great, thank you.

(Proceedings adjourned at 3:12 p.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: September 19, 2025

Marla Knox

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter