UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHUL MEWAWALLA,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY C. MIDDLEMAN, et al.,<br><br>Defendants. | Case No. 21-cv-09700-EMC   (EMC)<br><br>**ORDER DENYING 60(B) MOTION FOR RELIEF FROM JUDGMENT**<br><br>Docket No. 350 |

On February 12, 2025, a jury entered a verdict in favor of Plaintiff Rahul Mewawalla. Defendants now seek to set aside that verdict due to alleged discovery misconduct by Plaintiff. Specifically, Defendants allege that Mr. Mewawalla withheld emails between himself and his former employer Mawson that would have substantially bolstered Defendants' case. For the reasons discussed below, the Rule 60(b) motion is **DENIED**.

### I.     FACTS AND BACKGROUND

The Court assumes the parties' familiarity with the issues in this case and the events at trial. One major contested issue at trial was whether Defendants had justification to fire Mr. Mewawalla "for cause."

Subsequent to Mr. Mewawalla's employment with Defendants, Mr. Mewawalla worked for Mawson Infrastructure Group as CEO and president. Recently Mawson terminated Mr. Mewawalla for cause. Mawson also filed a lawsuit against Mr. Mewawalla, accusing him of fraud and seeking to recover millions of dollars in compensation that he allegedly induced Mawson's board to grant him through misrepresentations ("Mawson Complaint").

The Mawson Complaint charged that "Mewawalla intentionally misrepresented and concealed material information from the Company's Compensation Committee, and the members of the Board, so as to induce the Board fraudulently into agreeing to pay him a bonus of $2,578,125 (the "Bonus") that they otherwise would not have approved or paid if he had fulfilled his fiduciary duties of candor and loyalty." Dkt. No. 350 at 4. The Mawson Complaint describes emails ("Mawson Emails") from November 2024 that it alleges show that company executives warned Mr. Mewawalla that the company could not both pay his bonus and satisfy its tax liability but that Mr. Mewawalla nevertheless sought early payment of his bonus, concealing that tax delinquency from the Board. Because the Mawson Emails are lodged under seal in the Delaware court, Defendants have not been able to review them or provide them to the Court. Plaintiff has refused to provide the emails to Defendants.

In the instant motion, Defendants allege that Plaintiff's failure to provide the Mawson Emails during the litigation herein constituted discovery misconduct that warrants a new trial. Defendants argue that had Plaintiff timely provided these documents, they would have bolstered Defendants' case by showing (1) Mr. Mewawalla's dishonesty towards his employers, (2) the absence of pretext for his dismissal, and (3) impeachment of his claims that his time at Mawson demonstrated his competence and leadership. Dkt. No. 350 at 7-10.

## II. DISCUSSION

### A. Defendants Have Not Met the Burden of Showing Discovery Misconduct as to the Mawson Emails

Under Rule 60(b)(3), a court may relieve a party from a final judgment based on "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Failure to disclose or produce materials requested in discovery can constitute "misconduct" for 60(b)(3) purposes. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 879 (9th Cir. 1990). However, relief requires a showing by clear and convincing evidence that "(1) [the moving party] exercised due diligence in their discovery requests, (2) [the adverse party] knew, or was charged with

2

knowledge, of the missing document, and had constructive (if not actual) possession of it; and (3) [the adverse party] did not divulge the document's existence." *Id.* at 879; *see also Acacia Research Corp. v. Nat'l Union Fire Ins. Co.*, 2009 U.S. Dist. LEXIS 140362, at *16 (C.D. Cal. June 12, 2009) (no diligence where party failed to follow up on discovery responses).

Moreover, when the misconduct involves the withholding of discovery information, the movant must "establish that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense" but the movant "need not establish that the result in the case would be altered." *Jones*, 921 F.2d at 879. Rule 60(b)(3) relief is aimed at judgments which were unfairly obtained, not at those which are factually incorrect. *In Re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987).

Accordingly, to obtain 60(b)(3) relief herein, Defendants must show by clear and convincing evidence that they exercised diligence in pursuing the relevant discovery requests. Defendants have not met this burden.

Defendants point to two document requests to which they claim the Mawson Emails were responsive, such that Plaintiff's failure to produce them was misconduct[1]:

> **REQUEST FOR PRODUCTION NO. 106:**
> All DOCUMENTS, which evidence or PERTAIN TO the amount and source of income earned or received by YOU from January 21, 2021 to the present, including but not limited to monies received from self-employment.
>
> **REQUEST FOR PRODUCTION NO. 107:**
> All COMMUNICATIONS between YOU and any PERSON, which PERTAIN TO the amount and source of income earned or received by YOU from January 21, 2021 to the present, including but not limited to monies received from self-employment.

Dkt. No. 350 at 6.

Defendants argue that because the Mawson Emails discuss the multimillion-dollar bonus that Mr. Mewawalla received from Mawson in 2024, they are "DOCUMENTS" or "COMMUNICATIONS" that "PERTAIN TO the amount and source of income earned or received

---

[1] The Mawson Emails are from November, 2024, which post-dates the close of discovery, so Defendants' argument is that Plaintiff failed his duty to supplement under 26(e).

3

by [Mr. Mewawalla] from January 21, 2021 to the present." Dkt. No. 371 at 2-3. Plaintiff disputes this interpretation, arguing that these requests were simply aimed at obtaining documents that would allow Defendants to identify Plaintiff's compensation in order to calculate mitigating compensation for Plaintiff's fraud damages claim. Dkt. No. 367 at 7.

RFPs No. 106 and 107 indeed appear to have been targeted at obtaining income information from Plaintiff for damages off-set purposes. The parties' subsequent written correspondence confirms this understanding. In May of 2023, Plaintiff responded to a letter from Defendants contending that Plaintiff's response to several documents requests, including RFPs 106 and 107, were deficient. Defendants claimed that Plaintiff had promised to produce but had not yet produced responsive documents. Plaintiff responded:

> RFPs 106, 107: On or about March 21, 2023, Plaintiff produced responsive documents <u>sufficient to identify the amount and source of income earned since January 21, 2021 to the present</u>. For the sake of completeness, Plaintiff is in the process of assessing whether or not there are any additional responsive documents left to be produced; if there are any, Plaintiff will supplement his document production promptly.

Dkt. No. 350-6 at 3 (emphasis added.)

Plaintiff followed up on June 7 with its promised supplemental responses:

> **SUPPLEMENTAL RESPONSE TO RFP NO. 106:**
> Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and the attorney work product doctrine and calls for the production of documents protected by the privacy, confidentiality and proprietary rights of third parties.
>
> Subject to and without waiving these objections, Plaintiff supplements his Response to this Request as follows: Plaintiff has previously produced responsive documents he could locate upon performing reasonable and diligent searches. Plaintiff will conduct an additional reasonable and diligent search for non-privileged documents in his possession, custody, or control that <u>are sufficient to evidence the amount and source of income Plaintiff has earned or received from January 21, 2021 to the present</u>, and will produce any such documents that he is able to locate by June 9, 2023.

4

**SUPPLEMENTAL RESPONSE TO RFP NO. 107:**
Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and the attorney work product doctrine and calls for the production of communications protected by the privacy, confidentiality and proprietary rights of third parties.

Subject to and without waiving these objections, Plaintiff supplements his Response to this Request as follows: Plaintiff has previously produced responsive documents he could locate upon performing reasonable and diligent searches. Plaintiff will conduct an additional reasonable and diligent search for non-privileged documents in his possession, custody, or control that <u>are sufficient to evidence the amount and source of income Plaintiff has earned or received from January 21, 2021 to the present</u>, and will produce any such documents that he is able to locate by June 9, 2023.

Dkt. No. 350-7 at 11-12 (emphasis added).

These letters and responses from Plaintiff explicitly stated that Plaintiff was only producing documents "sufficient" to show the "amount and source" of Plaintiff's income. This made sense since such income would be relevant to a possible offset to mitigate damages. Defendants' request was not directed to all communications relating to Plaintiff's income beyond that singular purpose. It would not have encompassed the Mawson Emails which pertain to a different point.

Defendant was on notice that Plaintiff had construed the discovery request to be directed at income received from Mawson and nothing more. But Defendant has not offered any evidence that it followed up, either through further correspondence or through a motion to compel Plaintiff to produce according to the RFPs as originally stated. *See* Dkt. No. 367 at 7. There is no evidence that it contested Plaintiff's interpretation of the discovery requests. This lack of diligence is fatal to a Rule 60(b)(3) claim.

It is also worth noting that Defendants did, through other document requests, specifically seek discovery into Plaintiff's communications with Mawson, including communications pertaining to Plaintiff's duties and compensation. Dkt. No. 350-5 at 11-12. Plaintiff objected to these requests in full and stood on that objection in later discovery correspondence. Dkt. No. 350-6 at 4 (maintaining objection and noting that "Plaintiff has already produced documents sufficient to identify his position and compensation"). Defendant could have moved to compel on these

5

1    requests, but as with RFPs 106 and 107, chose not to.  That Defendant made choices in discovery

2    that it now regrets is not an appropriate ground to overthrow a jury verdict.  *See Acacia Research*

3    *Corp. v. Nat'l Union Fire Ins. Co*., 2009 U.S. Dist. LEXIS 140362, at *17 (C.D. Cal. June 12,

4    2009) (no relief warranted when a party made "what in hindsight amounts to poor strategic

5    [discovery] decisions").  Defendants have not establish they exercised the requisite diligence

6    required by Rule 60(b)(3) by clear and convincing evidence.

7          Because the Court finds that Defendants were not diligent in pursuing discovery, the Court

8    does not address whether the absence of the Mawson Emails prevented Defendants from fully and

9    fairly presenting their case.  However, the Court notes that the documents, which concern Mr.

10   Mewawalla's actions at a different company at a different time, would have faced substantial

11   objections under Rule 403 and Rule 404 had Defendants attempted to introduce them.

13         B.   Defendant Has Waived its Argument Regarding Other Discovery Misconduct

14         Defendants now argue that Plaintiff improperly failed to provide Defendants with

15   discovery as to the *fact* that he received a 2.5 million dollar bonus from Mawson – an issue

16   distinct from the fraud and mismanagement allegedly shown in the Mawson Emails.  Rather,

17   Defendants argue that Plaintiff only disclosed, through expert testimony, that he received a One-

18   Million-dollar bonus from Mawson, rather than the $2.5 million that he was apparently paid.

19   Documents showing that Plaintiff received a 2.5 million dollar bonus from Mawson would plainly

20   have been within the scope of Defendants' discovery requests even as construed by Plaintiff, and

21   Plaintiff had an ongoing duty to supplement its responses.  Thus, a failure to provide this

22   information in discovery could rise to the level of misconduct.

23         However, Defendants first raised this theory at oral argument.  The only reference to it in

24   their motion briefs is a single line in their reply, which does not argue separate misconduct, but

25   simply remarks in passing that Mr. Mewawalla's expert "miscalculated these damages, inflating

26   them significantly, by stating that Mr. Mewawalla's 2024 Mawson bonus was only $1.05 million

27   instead of the $2.5 million he was actually paid."  Dkt. No. 371 at 3.  Because this argument was

28   not raised in Defendants' initial motion, it is deemed waived.  *Zamani v. Carnes*, 491 F.3d 990,

997 (9th Cir. 2007) (arguments raised for the first time on reply are waived); *see also Booth v. United States*, 914 F.3d 1199, 1206 (9th Cir. 2019) (arguments raised for the first time at oral argument are waived).

### III.   CONCLUSION

Defendants have not demonstrated by clear and convincing evidence that Plaintiff's failure to provide the Mawson Emails constituted discovery misconduct warranting relief under Rule 60(b)(3).  Defendants' motion for relief from judgment is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated: October 21, 2025

_____
EDWARD M. CHEN
United States District Judge